DOMENGEAUX, Judge.
This case arises under the Uniform Child Custody Act (Act), La.R.S. 13:1700, et seq. The sole issue at this stage of the child custody contest between the mother, Candy Ann Huston, and the natural father, Danny Ray Granstaff, is the issue of expenses and attorney fees awarded by the district judge to the plaintiff.
In November of 1980, and for some time prior thereto, plaintiff, Candy Ann Huston, lived with defendant, Danny Ray Granstaff, in Lafayette, Louisiana. During this time Danielle Renee Huston was conceived to Candy. On or about November 16, 1980, the couple quarreled and Danny demanded that Candy leave the residence they were sharing. She returned to her mother’s home in Corpus Christi, Texas, and on May 5, 1981, Danielle Renee Huston was born.
Shortly thereafter Danny traveled to Corpus Christi, met with Candy and convinced her to allow him to take the infant with him back to Lafayette for a week’s visit with him and his parents. Danny brought Danielle back to Lafayette, but instead of returning the child as promised, he instituted legal proceedings to be named as Danielle’s provisional tutor, and further seeking temporary emergency custody under La.R.S. 13:1702.[1] Thereafter, on June 29,1981, the district court appointed Danny provisional tutor and Charles Granstaff, Danny’s father, undertutor for Danielle. Subsequently, Candy obtained legal custody (but not physical) of Danielle by a validly taken Texas decree. Candy next petitioned the Louisiana court seeking to annul the tutorship decree, alleging that the court lacked jurisdiction in the matter. At that hearing, the district judge held that there was no emergency, giving rise to Louisiana jurisdiction over Danielle, consequently, the tutorship decree was nullified.[2]
At this point Danny still refused to voluntarily surrender Danielle to Candy. A rule to show cause why Danny should not surrender custody of the infant was issued, after which time a hearing was held on the rule, and the district judge ordered Danny to comply with the Texas decree and relinquish custody of Danielle to her natural *892 mother. Additionally, the district judge awarded $350.00 to Candy for traveling expenses and $350.00 for attorney fees. Both parties appealed whereafter defendant’s appeal was dismissed by this Court for having failed to file a brief, which dismissal has now become final.
On appeal Candy contends that the award for expenses and attorney fees is grossly inadequate. She claims that the expenses and attorney fees awarded by the trial court represent expenses incurred in bringing the rule only, and do not account for the expenses and attorney fees incurred by her in her suit to nullify the previous order appointing a provisional tutor. For this reason plaintiff contends that the trial court erred in its award. We agree.
Pertinent to the issue at hand is La.R.S. 13:1714 B which provides:
“A person violating a custody decree of another state which makes it necessary to enforce the decree in this state may be required to pay necessary travel and other expenses, including attorneys’ fees, incurred by the party entitled to the custody or his witnesses.”
It is evident from a reading of the record before us that the court below limited the award of expenses and attorney fees to those incurred in bringing the rule only. As we read the Act its general tenor is to outline uniform procedures for establishing jurisdiction in child custody cases, and to allow procedurally for the recognition of out of state custody decrees. In this case, plaintiff, after obtaining a Texas custody decree, petitioned the Louisiana court to nullify the previously granted orders of tutorship on the ground that the Louisiana court lacked jurisdiction. Plaintiff pled that Texas was the state with proper jurisdiction. The court agreed, and nullified the orders naming Danny as tutor and Danny’s father as undertutor. Subsequently, Candy was forced to bring a rule to compel Danny to comply with the Texas custody decree. It seems obvious to us that the hearings were wholly interrelated. The entire proceedings concern themselves with determining jurisdiction and the recognition of the out of state decree as outlined in the Act. Ultimately the district court found that it lacked jurisdiction, and subsequently, on the rule, recognized the Texas decree granting Candy custody. In view of the above, we feel that the plaintiff should be entitled to recover reasonable expenses and attorney’s fees, as provided for in La.R.S. 13:1714(B), supra, for expenses incurred in her suit to nullify the tutorship orders as well as expenses incurred in bringing the rule to force defendant to relinquish the child to her.
For the above and foregoing reasons the judgment of the district court is amended to increase the plaintiff’s award to $700.00 for traveling expenses, and $1,500.00 for attorney’s fees, both amounts subject to legal interest from October 12, 1981, until paid. In all other respects the judgment is affirmed.
Costs at trial and on appeal are assessed against defendant, Danny Ray Granstaff.
AFFIRMED, AS AMENDED.

. La.R.S. 13:1702 provides:
“A. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
* :fs * * * *
(3) The child is physically present in this state and (i) the child has been abandoned or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or ”

. The trial judge held that he had no jurisdiction to name Danny as provisional tutor of Danielle, and he declined to grant custody to either Candy or Danny for the same reason.