FRED W. JONES, Jr., Judge.
George Jordan and Delores Jordan were married in 1969, legally separated in 1978, and divorced in 1982 with the mother being awarded sole custody of the four children and total child support of $300 per month. During the succeeding years, she filed numerous rules for contempt for failure to pay child support and the father filed a number of rules seeking sole custody. In 1984, pursuant to one of these rules, the trial court awarded joint custody to the couple with the mother having physical custody during the nine-month school year and the father having physical custody during the three summer months.
In May 1985, the father filed yet another rule for sole custody and the mother, who had remarried and was a resident of Minnesota, reconvened for child support ar-rearage and attorney’s fees and costs when she was forced to come to Louisiana because the father refused to release the children when her custodial period began. After a two-day hearing in August, the court rendered a judgment in September 1985, continuing the joint custody of nine months/three months; assessing travel costs to the parent receiving the children; assessing child support arrearage of $1,200 against the father; increasing child support to $400 per month during the mother’s nine months; and assessing the father some $340 in expenses and $1,500 as attorney’s fees for the mother’s trip to retrieve, the children. The trial court denied the mother’s request for a garnishment order directed to the father’s employer for child support and a contempt order against the father.
The father appealed, alleging no specifications of error but generally complaining about the custody result and the fact he is required to pay child support arrearage and attorney’s fees.
Louisiana Civil Code Article 157 provides that changes in child custody, after an original award, are to be made in accordance with La.C.C. Article 146. The latter article stipulates that custody awards shall always be predicated upon the best interest of the child. Further, it establishes an order of preference for custody awards, but states that there “shall be a rebuttable presumption that joint custody is in the best interest of a minor child.” Article 146(C).
The burden of proving that joint custody is not in the best interest of the child is upon the party seeking sole custody. Article 146(A)(2); Turner v. Turner, 455 So.2d 1374 (La.1984) and Roberts v. Roberts, 460 So.2d 1151 (La.App. 2d Cir.1984).
After a careful review of the record, we find the father has failed to rebut this presumption. Both parents are capable of providing for the children in spite of allegations to the contrary by both sides. The father has been employed at the same company for approximately 15 years and makes between $36,000 and $38,000 per year. He has a history of failure to pay child support. The mother has remarried and is employed by the State of Minnesota. One of the four children has lived with her since she moved to Minnesota in 1982. The other three children have never been to Minnesota and have lived with their father for the last two years. Both parents have schools nearby and the housing conditions are adequate for the children.
The father urges that joint custody is inappropriate because of the great geographical separation of the parties. Geographical distance is but one of the consid *761 erations for child custody under La.C.C. 146. In Robinson v. Robinson, No. 17,-904-CA, rendered June 11, 1986, we approved joint custody where the parents lived in Louisiana and North Carolina. With modern transportation, geographical distance does not have the importance once attributed to it.
The father also complains the $1,200 in child support arrearage is for three months of 1985 when the children were actually living with him. As the record clearly reflects, the mother had legal custody of the children during these months and the father refused to relinguish custody to her. The trial court did not err in assessing the arrearage.
Finally, the father complains that he was assessed costs and attorney’s fees for the mother’s trip from Minnesota to claim the children. He maintains he had never refused to release them to her. Again, the record clearly indicates the mother was forced to come to Louisiana and engage an attorney in order to enforce her custody rights. Attorney’s fees for child support actions are authorized by La.R.S. 9:305. The fee assessed was reasonable. The trial court did not err in assessing the expenses of the mother’s trip and attorney’s fees to the father.
The mother answered the father’s appeal, asserting the trial court erred: (1) in not granting her attorney’s fees for prosecuting this appeal; (2) in failing to find the. father in contempt of court; (3) in failing to require the father to pay for all transportation costs for the children; (4) in refusing to extend the mother’s term of custody to compensate her for the time lost when the father refused to release the children; (5) in not awarding a garnishment order for child support against the father’s employer; and (6) in not ordering future child support payments to be made directly to the mother’s local Louisiana attorney. We find no merit in these specifications of error.
The lower court is granted wide discretion and will not be reversed absent a showing of an abuse of that discretion. Arceneaux v. Domingue, 365 So.2d 1330 (La.1979). All six complaints of error are squarely within the purview of this discretion and upon a review of the record we find no abuse. With respect to the transportation costs, the mother specifically complains neither party sought such a change. The original decree required the father to pay all transportation costs. The issue of travel expenses is part of the overall administration of a joint custody plan, particularly so when the parties live a great distance apart. At this hearing the mother did request future travel expenses be paid “up front” by the father. The trial court did not abuse its discretion in altering this provision.
The mother incorrectly cites La. Revised Statutes 47:236.3 and 47:2363 in support of her petition for a garnishment order against her husband’s employer. The correct reference is La.R.S. 46:236.3 which governs such enforcement orders. The statute is specific as to the procedure which must be followed. It was amended effective October 1, 1985 and the judgment in this case was rendered on September 26, 1985. The statute required that service of notice be made upon the employer in any manner provided by law or by certified mail directed to the usual or main place of the employer’s business. La.R.S. 46:236.-3(l)(b). The only evidence of such service is at the end of the “Answer and Counter-Rule” which reads “Please serve: Manville Forest Products c/o Atty John Hemrick.” There was no indication that this was sent by certified mail or even mailed to the usual or main place of the employer’s business. Likewise, there was no evidence Mr. Hemrick was the attorney of record in the matter. Such service is ineffective (La.C. C.P. Art. 1235) and the mother has thus failed to comply with the statute. The trial court was correct in denying the garnishment order. See Blanchard v. Blanchard, 466 So.2d 569 (La.App. 5th Cir.1985). Likewise, the court did not abuse its discretion in denying the mother’s request for support payments to be made directly to her *762 attorney. We know of no authority for this request and the mother cites none.
After considering the testimony and the findings by the trial court, we conclude the court used the proper standard in drafting the joint custody plan and did not abuse its discretion in this case.
For the above reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to the appellant, George Jordan.