591 So.2d 741 (1991)
Judy Wise Ahlstedt EARLES
v.
James L. AHLSTEDT.
No. 90 CA 1607.
Court of Appeal of Louisiana, First Circuit.
November 22, 1991.
*742 Harley M. Brown, Baton Rouge, for Judy Earles.
John E. Conery, Franklin, for defendant/appellee.
Before SHORTESS, CARTER and LANIER, JJ.
SHORTESS, Judge.
Judy Wise Ahlstedt Earles (plaintiff) appeals from two judgments of the district court that order James L. Ahlstedt (defendant) be permitted visitation with their minor daughter, Amanda Ahlstedt (Amanda), during the summer of 1989, as well as a third judgment which taxes plaintiff with attorney fees, costs, and litigation expenses. Defendant moved to dismiss the appeal on the ground of mootness.

FACTS
A brief recitation of the facts is necessary in order to more fully understand the status of this case on appeal.[1] Plaintiff and defendant were married in April 1982, in Louisiana. They immediately moved to Kansas, where Amanda was born in October 1982. They separated in 1985. The Kansas court awarded the parties joint custody of Amanda. Defendant was to have custody one night per week and every other weekend. However, plaintiff returned to Louisiana with Amanda in November 1985, allegedly without notice to defendant and without informing him of their whereabouts.
Plaintiff and defendant were divorced on May 8, 1986, in Kansas. The Kansas court awarded plaintiff and defendant joint custody of Amanda at that time. Plaintiff was designated primary custodial parent, but *743 defendant was given the right to visit Amanda any time he was in Louisiana. Defendant was also given visitation rights at Christmas and during the summer.[2] These visits were to take place in Louisiana until Amanda was old enough to fly alone. The court stated it would give serious consideration to altering the custody rulings drastically if either party acted irresponsibly.
In May 1988 plaintiff filed a petition in St. Mary Parish District Court to recognize the Kansas decree under the provisions of the Uniform Child Custody Jurisdiction Act and to restrict defendant's visitation rights. She asked that a curator be appointed to represent defendant, which was done. Defendant responded by filing a motion in the Kansas court requesting an increase in his visitation privileges, contending plaintiff had continually denied his attempts at visitation with Amanda. Plaintiff responded to this motion in Kansas by contending Kansas no longer had jurisdiction over the matter. The court in Kansas held it had continuing jurisdiction on December 13, 1988. On December 23, 1988, it ordered defendant have primary custody for June and July of 1989. The court also ordered greatly increased visitation privileges.
On December 28, 1988, however, plaintiff had the Louisiana case set for hearing. Plaintiff was granted temporary sole custody of Amanda pending the hearing.
John E. Conery, the curator appointed to represent defendant in Louisiana, filed various exceptions. Defendant's exceptions included an exception raising the objection of res judicata. (Defendant contended the custodial rights of the parties had been fully litigated in the Kansas court.) Defendant also urged the exception raising the objection of lack of subject matter jurisdiction. The exceptions were heard on February 10, 1989. The court partially sustained the exception raising the objection of res judicata, holding it was bound by the decision of the Kansas court regarding any question of prior improper actions by defendant predating the hearing in Kansas of May 8, 1986. The Louisiana court also held it had concurrent jurisdiction with the Kansas court.
On March 22, 1989, based on the stipulations of the parties, the court ordered that the judgment of the Kansas court be fully implemented as it pertained to custody of and visitation with Amanda, with some modifications; that defendant be punctually notified in writing of any changes in plaintiff's address or telephone number; and that plaintiff be taxed with all costs, including Conery's curator fee of $1,700.00. On April 20, 1989, the trial court signed a judgment regarding the February 10 and March 22, 1989, hearings.
Plaintiff then applied to this court for a stay of the portion of the April 20, 1989 judgment regarding June visitation originally implemented by the Kansas court. While the stay application was pending, plaintiff moved from St. Mary Parish to Baton Rouge without properly notifying defendant. On April 27, 1989, defendant filed a motion to have plaintiff held in contempt of court for failing to notify him of the change of address and for failing to allow him contact with Amanda. He also asked to be named the primary custodial parent. This hearing was set for June 30, 1989. We then granted the stay because the visitation issue was scheduled to be further addressed by the district court at a hearing on June 30, 1989.
On May 2, 1989, the court held plaintiff in civil contempt and sentenced her to five days in the parish jail. He suspended the sentence on the provision that she purge herself of the contempt by scrupulously carrying out all of the custody and other provisions of both the Louisiana and Kansas courts. Costs were again assessed against plaintiff.
Plaintiff failed to pay the curator fees and other court costs assessed against her. Defendant then filed a motion to tax costs, requesting that plaintiff be assessed with all attorney fees in connection with the *744 custody proceedings, as well as court costs, expert fees, and travel expenses of defendant and his wife pursuant to LSA-R.S. 13:1714(B). The motion was set for hearing on July 10, 1989, the date of the custody hearing. (The hearing had originally been scheduled for June 30, 1989.)
Plaintiff then sought a stay from this court of the July 10, 1989 hearing based on her counsel's "conviction" the court would rule against her. The stay was denied on July 6, 1989.
On July 7, 1989, plaintiff moved to recuse the trial judge, Michael C. McNulty, alleging Judge McNulty was biased and prejudiced against her. Judge McNulty denied the motion on the date it was filed but, pursuant to article 154 of the Louisiana Code of Civil Procedure, ordered a hearing before Judge Anne L. Simon. Plaintiff moved to continue that hearing, which was scheduled before the hearing on the custody rule on July 10, 1989, alleging she was unable to subpoena witnesses or obtain evidence material to her case by the hearing date.
Judge Simon heard arguments on the motion to continue on July 10, 1989. Plaintiff's counsel contended he was unable to subpoena plaintiff's two previous attorneys to testify at the hearing on the motion to recuse because of the short time period between the filing of the motion to recuse and the hearing. However, Judge Simon denied the motion to continue, holding that plaintiff's allegations of acts by Judge McNulty showing prejudice against her took place over the course of more than a year, and that plaintiff had ample opportunity to file the motion to recuse before July 7. She then heard plaintiff's testimony and arguments of counsel on the motion to recuse.
Judge Simon succinctly summarized plaintiff's testimony on the motion to recuse as follows:
Mrs. Earles has testified in narrative form her version of the history of this matter. Obviously, she's extremely unhappy with how it has progressed. She apparently feels that she has not been permitted full hearing on the issues and that Judge McNulty has taken action without her being given an opportunity to argue her sidethat is, he's taken action either in chambers or ex parte through another attorney.
Mr. Conery by [cross-examination] is in the process of bringing out evidence to the effect that the temporary orders that resulted each time, that she complied in themthat is, through her attorney; that her attorneys agreed or that it was done by stipulation to which her attorney agreed.
Judge Simon held plaintiff's complaints about procedure and substance did not demonstrate bias and prejudice by Judge McNulty; she denied the motion to recuse.
A lengthy custody hearing was then held by Judge McNulty. The court ordered plaintiff: (1) to bring Amanda to defendant's residence in Kansas on July 17, 1989, for a three-week visitation during which defendant was to be the primary custodial parent; (2) to take all necessary steps to facilitate that visit and all visitations thereafter; and (3) to remain in Kansas for one week to be available for counseling as the need might arise. The court also appointed Mark T. Hicks, a social worker, to help the parties in whatever way he deemed advisable to assist Amanda with any difficulties she might have with the visitation. The trial court taxed undisputed costs against plaintiff, but all disputed amounts (including defendant's motion for attorney fees and travel expenses) were deferred to a later rule.
Plaintiff immediately applied for writs to this court, seeking to have the July 13, 1989, judgment vacated. We denied the writ but ordered the judgment modified to reflect visitation of one week, rather than three. On July 24, 1989, the trial court entered a judgment on remand ordering a one week visitation beginning July 28, 1989. Plaintiff then applied to this court for a stay of the judgment, which was denied. The Louisiana Supreme Court also denied a stay. Plaintiff then filed this appeal.
While the appeal was pending, plaintiff applied for writs to this court seeking review *745 of the May 2, 1989, judgment holding her in civil contempt. We denied the writ, holding that the trial court's decision was based on a credibility determination. We also denied a stay requested by plaintiff just prior to Amanda's court-ordered Thanksgiving visitation with her father.
On December 5, 1989, defendant's motion to assess attorney fees, costs and litigation expenses against plaintiff was heard. The trial court entered judgment against plaintiff on January 29, 1990, in the sum of $6,501.96, representing Conery's attorney fees from March 22, 1989 (the date of the hearing on the exceptions) through the December 5, 1989, hearing; expenses such as transcripts of out-of-state hearings and depositions; and expert fees for psychological evaluations. The trial court also assessed plaintiff with all court costs through that date. Plaintiff has appealed that judgment.[3]

ISSUES ON APPEAL
Plaintiff alleges eight (8) errors by the trial court:
1. The Trial Court erred in limiting the testimony to events after March 8, 1986.
2. At each hearing held before the Hon. Michael J. McNulty, Jr., the Court disregarded the best interest of the child.
3. The Trial Court erred in ruling that it was essential that the minor child have visitation with her blood father.
4. The Court erred in determining that the standard of proof of the evidence was to be clear and convincing evidence rather than a preponderance of the evidence.
5. The Trial Court erred in denying the Motion for Continuance of the recusal hearing.
6. The Trial Court erred in denying the Motion to Recuse.
7. The Court erred in qualifying Mr. Hicks as an expert in the field of child psychology.
8. The Trial Court erred in ordering restricted visitation sought by Mrs. Earles and simultaneously casting her with costs.
(References to pages in the trial transcript omitted.)

Assignments of Error Nos. 5 & 6
Plaintiff suggests in brief this court should seek equity and justice by "recusing the Trial Judge and throwing out every ruling after July 9, 1989...." She complains Judge Simon erred in failing to grant a continuance on the motion to continue and in failing to grant the motion to recuse.
Although judgments on motions to continue and to recuse are interlocutory, they are reviewable on appeal of a final judgment on the merits of the case. Spangenberg v. Yale Materials Handling-Louisiana, 407 So.2d 1270 (La.App. 4th Cir. 1981), writ denied, 412 So.2d 1096 (La. 1982). There is no written judgment in this case on either motion. However, there is no requirement that an interlocutory judgment be in writing, as it is sufficient for it to be entered into the minutes. Owens v. Jackson, 550 So.2d 359, 365 (La.App. 3d Cir.1989).

Assignment of Error No. 5
Plaintiff contends she was entitled to a continuance of the motion to recuse on *746 the peremptory grounds found in Louisiana Code of Civil Procedure article 1602:
A continuance shall be granted if at the time a case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his case....
After a thorough review of the record, we are convinced the trial court was not clearly wrong in denying the motion to continue.
Plaintiff's counsel advised Judge Simon he had been contemplating filing the motion to recuse but waited to file it until after this court ruled on one of plaintiff's many writs. Plaintiff's counsel could have requested subpoenas be issued to the witnesses he intended to call at the hearing on the motion to recuse at the time the motion was filed. Counsel's statement to the court showed he made little, if any, effort to have those witnesses, most of whom were relatives of plaintiff, appear voluntarily. Plaintiff's counsel failed to show he exercised due diligence in attempting to obtain evidence material to the case. Furthermore, plaintiff failed to exercise due diligence in moving to recuse Judge McNulty. Thus, we find assignment of error no. 5 to be without merit.

Assignment of Error No. 6
Plaintiff contends Judge Simon erred in failing to recuse Judge McNulty. Plaintiff sought to recuse Judge McNulty pursuant to Louisiana Code of Civil Procedure article 151(B)(5), which provides:
B. A judge of any court, trial or appellate, may be recused when he
. . . .
(5) Is biased, prejudiced, or interested in the cause or its outcome or biased or prejudiced toward or against the parties or the parties' attorneys to such an extent that he would be unable to conduct fair and impartial proceedings.
A judge is presumed to be impartial. The party seeking to recuse cannot merely allege lack of impartiality; he must present some factual basis. Bias, prejudice or personal interest must be of a substantial nature and based on more than conclusionary allegations. Pierce v. Charity Hospital, 550 So.2d 211, 213 (La.App. 4th Cir.), writ denied, 551 So.2d 1341 (La.1989).
Plaintiff's counsel admits in brief that "there is little on `the record' which shows the Trial Court had prejudged or was prejudiced in this matter.'" Our review, however, must be limited to the record. After reviewing the record we find Judge Simon did not err in denying the motion to recuse Judge McNulty. The plaintiff obviously is not happy with Judge McNulty's rulings, but adverse rulings alone do not show bias or prejudice. Thus, this assignment of error has no merit.

Assignment of Error No. 1
Plaintiff contends the trial court erred in limiting testimony to events after May 8, 1986.[4] The certified transcript of the Kansas trial judge's reasons for judgment in the divorce and custody proceeding of May 8, 1986, were admitted into evidence. The trial court refused to hear evidence which predated that proceeding, stating: "[I]t is not my intention to re-try what was tried by the Kansas court...." Plaintiff fails to cite any authority for her proposition that the district court in Louisiana should re-try these issues. This assignment of error is without merit.

Assignments of Error Nos. 3, 4 & 7
Plaintiff's assignments of error numbers 3, 4 and 7 deal with rulings of the trial court made during the December 21, 1989 hearing regarding Christmas visitation. Those matters are not properly before us on this appeal. That hearing occurred after the rulings complained of on appeal. The judgment regarding Christmas visitation was signed January 2, 1990. It was not appealed and is now final.

*747 Assignment of Error No. 2

Plaintiff contends the trial court disregarded Amanda's best interest "at each hearing." However, we cannot consider any hearings regarding custody after the July 13, 1989 hearing. Our review of the record shows Judge McNulty made every effort to consider Amanda's best interest through that date. He ordered visitation with defendant in gradually increasing increments as recommended by the expert psychologists who testified. Despite plaintiff's concerted efforts to thwart defendant as he tried to visit his daughter, the judge permitted plaintiff to remain the primary custodial parent in keeping with the expert's recommendations. We find the trial court was not clearly wrong in his rulings regarding custody and visitation through July 13, 1989.

Assignment of Error No. 8
Plaintiff contends the trial court erred in casting her with costs, curator fees, additional attorney fees, and litigation expenses, including defendant's expenses to travel to Louisiana from Kansas.
Court costs
Louisiana Code of Civil Procedure article 1920 governs the taxing of court costs:
Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.
The trial court has broad discretion in assessing court costs and may render judgment for costs against any party as it may consider equitable. Davidson v. Board of Trustees, 481 So.2d 708 (La.App. 1st Cir. 1985); Smith v. Southern Farm Bureau Casualty Insurance Co., 192 So.2d 577 (La.App. 3d Cir.1966).
The items which the court may assess as costs include "costs of the clerk, sheriff, witness' fees, costs of taking depositions and copies of acts used on the trial, and all other costs allowed by the court." LSA-R.S. 13:4533.
Plaintiff was assessed with expert fees for court ordered psychological evaluations and testimony ($996.35)[5], the cost of transcripts of the Kansas proceedings and out of state depositions ($316.50), as well as the costs normally charged by the clerk. (She was also ordered to pay defendant's travel expenses to and from Louisiana to enforce the Kansas judgment ($428.13), attorney fees ($4,600.00) and other miscellaneous expenses including telephone expense, photocopies and telephone calls ($131.08). Those items are addressed below.)
Plaintiff contends she should not have been taxed with court costs because she "prevailed at every stage" of the case.[6] However, in the recusal section of plaintiff's brief, she complains that the trial judge ruled against her at every turn. Neither plaintiff nor defendant was 100% successful on any motion. We cannot say it was inequitable or an abuse of the trial court's much discretion to cast plaintiff for costs in this case.
Curator's fees
Plaintiff contends the trial court erred in assessing her with curator fees of $1,700.00. However, plaintiff admits in brief she stipulated to those fees. Plaintiff was present in court when her own attorney read the stipulation into the record. She testified her attorney had full authority to act on her behalf.
Plaintiff now contends, however, that the stipulation was entered into under duress. She cites no evidence of duress but asks the court to rely on statements of counsel in brief.
*748 This court can take cognizance only of facts in the record. The facts in the record show plaintiff acquiesced to the judgment against her assessing curator fees of $1,700.00. She is thus barred from raising that issue on appeal. La.C.C. art. 1853; La.C.C.P. art 2085.
Travel and litigation expenses and attorney fees
The trial court relied on LSA-R.S. 9:305[7] and LSA-R.S. 13:1714(B) in assessing travel and litigation expenses and attorney fees against plaintiff. LSA-R.S. 9:305 provided:
When the court renders judgment in an action to make past due alimony or child support executory, or in an action to enforce child visitation rights, except for good cause, the court shall award attorney fees and costs to the prevailing party.
LSA-R.S. 13:1714(B) provides:
A person violating a custody decree of another state which makes it necessary to enforce the decree in this state may be required to pay necessary travel and other expenses, including attorneys' fees, incurred by the party entitled to the custody or his witnesses.
The trial court, in ruling on this issue, stated: "The Court does not find good cause for shifting the burden for attorney's fees and costs from Mrs. Earles, as she has prolonged the litigation of this matter and has consistently sought to thwart and impede visitation as ordered by this and a Kansas court." After a thorough review of the record we find that the fees and costs assessed were reasonable and that the trial court did not err in making this assessment. Jordan v. Jordan, 493 So.2d 759 (La.App. 2d Cir.1986); Huston v. Granstaff, 417 So.2d 890 (La.App. 3d Cir. 1982).

CONCLUSION
For the reasons stated above the judgment of the trial court of July 13, 1989, as modified by the judgment of July 24, 1989, and the judgment of January 29, 1990, are affirmed. All costs of this appeal are taxed to plaintiff, Judy Wise Ahlstedt Earles.
AFFIRMED.
NOTES
[1] Although this recitation may not seem brief, the reader must keep in mind that the parties have generated 1,346 pages of pleadings and testimony.
[2] We recognize that a custodial parent does not have "visitation." However, because of the limited nature of defendant's "custody," we shall refer to his time with Amanda as visitation as was done by both the Kansas and Louisiana district courts.
[3] The proceedings occurring after this hearing are pertinent to the issues on appeal only insofar as they relate to plaintiff's assignments of error. Plaintiff attempted to have both Thanksgiving and Christmas visitations suspended in 1989, but this court and the Louisiana Supreme Court denied writs. Plaintiff refused to allow Easter visitation in 1990 and filed a complaint with child protection authorities that Amanda was being emotionally abused by being forced to visit her father. Amanda was then removed from plaintiff's home and placed in state custody. Defendant then moved to have plaintiff held in contempt and to have custody transferred to him. On April 30, 1990, temporary custody of Amanda was transferred to defendant. However, plaintiff absconded with the child. On July 19, 1990, plaintiff was held in contempt of court and defendant was granted sole custody of Amanda. On July 27, 1990, plaintiff appeared before the court and was ordered to serve 89 days in the parish jail for contempt. Plaintiff sought a stay of the sentence from this court, but the stay was denied. The record ends at this point.
[4] Although plaintiff's assignment of error states March 8, 1986, we assume plaintiff meant May 8, 1986, the date of the Kansas hearing and the date before which the court refused to hear evidence.
[5] Defendant's exhibit "A" in support of motion for attorney's fees lists the expert fees as $675.00 for Dr. Lecorgne and $351.25 for Dr. Hicks. Expenses listed on exhibit "A" total $1,901.96. In the trial court's reasons for judgment of January 22, 1990, he orders plaintiff to pay Dr. Hicks $321.35 but adopts defendant's bottom line expense figure of $1,901.96.
[6] Actually, plaintiff's counsel states in brief: "I guess she `prevailed.'"
[7] LSA-R.S. 9:305 was repealed by Acts 1990, No. 1009, § 9, effective January 1, 1991. Its substance is now found at LSA-R.S. 9:375, added by Acts 1990, No. 1009, § 7, effective January 1, 1991.