*224 PER CURIAM.*
| tAt issue in this application is whether the trial judge should be recused on grounds of bias and prejudice. For the reasons which follow, we find recusal is warranted.
FACTS AND PROCEDURAL HISTORY
This application arises from several criminal and civil matters pending in the 14th Judicial District Court for the Parish of Calcasieu which involve the State of Louisiana as a party, and which were randomly allotted to Judge Wilford Carter. The Louisiana Attorney General’s Office (“AG”), which represents the State in these matters, filed a motion to recuse Judge Carter from hearing the cases.
In support of its motion, the AG alleged Judge Carter “has shown bias, prejudice, and personal interest in these cases to such an extent that he would bejjimable to conduct a fair and impartial trial” for purposes of La.Code Civ. P. art. 151 and La.Code Crim. P. art. 671. The AG claimed Judge Carter’s bias, prejudice, and personal interest is based on the AG’s previous conviction and present prosecution of Judge Carter’s two sons in at least eight criminal cases.[1] Additionally, the AG asserted Judge Carter made disparaging comments and inappropriate remarks about the AG’s office in several cases. Therefore, the AG maintained Judge Carter should be recused from hearing any cases involving the AG’s office, and should not take any further action in any of these cases.
The cases were consolidated for the sole purpose of a hearing on the motion to recuse, which was randomly allotted to Judge Ronald Ware. After a lengthy evi-dentiary hearing, Judge Ware denied the AG’s motion to recuse Judge Carter.
The AG applied for supervisory review of this ruling. The court of appeal denied the writ on the showing made.
The AG then applied to this court, seeking expedited attention on the ground that one of the cases, State v. Benoit, was scheduled to go to trial. We issued an order staying all proceedings in the Benoit matter. We further ordered Judge Ware to file a per curiam setting forth reasons for his denial of the motion to recuse.
DISCUSSION
The tantamount duty of a judge is to conduct fair and impartial proceedings. If he cannot conduct a fair and impartial proceeding because of bias or prejudice, he cannot hear the case. In re: Cooks, 96-1447, p. 17 (La.5/20/97), 694 So.2d 892, 903. In interpreting La.Code Civ. P. art. 151, the jurisprudence has held the article “requires a finding of actual bias or prejudice,” which “must be of a substantial nature |sand based on more *225 than conclusory allegations.” See, e.g., Southern Casing of Louisiana, Inc. v. Houma Avionics, Inc., 00-1930, 00-1931, p. 15 (La.App. 1st Cir.9/28/01), 809 So.2d 1040, 1050.
Our review of the record in this matter leads us to conclude the AG proved actual bias on the part of Judge Carter. The record is replete with instances in which Judge Carter has accused the AG’s office of various improprieties, both in connection with matters pending before him, as well as in its prosecution of his sons’ eases. In particular, the evidence suggests Judge Carter indicated his belief that the AG’s office intimidated witnesses into making untrue statements. For example, in the transcript of the July 20, 2009 hearing in State of Louisiana v. J. Norris Carter (attached as exhibit “C” to the AG’s application), Jennifer Williams testified regarding a conversation she had with Judge Carter, in which he told her “the attorney generals [sic] will try to make people say things that are not true.”[2] Ms. Williams’ testimony is reinforced by Judge Carter’s own testimony during the recusal hearing, in which he testified as follows:
[Y]ou should not have gone over to Ms. Erica Mouton’s job and intimidated her and made her feel very uncomfortable, to make her try to file a charge when you never filed a charge on nobody else in the case, and you never even asked my son his side of the story. You seem pretty much keyed in on one side, and that’s all, and I don’t think that’s proper, in my son’s case. I’m a father. But even as a jurist I just don’t think that was right. Now, I’m not saying you’re doing anything illegal, but I certainly question what you did.
* * *
Well, I never said you suborned perjury. That’s a possibility. I said it was a possibility. I don’t know, I can’t say you did anything illegal. I think you done something improper as an officer of the court. I don’t think a prosecutor ought to be going intimidating people that don’t |,,want to file charges, making them want to file charges, when they never even asked for the other side of the story.
[Transcript of the January 21, 2010 re-cusal hearing at pp. 243-244]
Judge Carter’s testimony demonstrates his experiences in his sons’ cases have caused him to believe the AG’s office intimidated witnesses into filing charges which they did not wish to file. Clearly, Judge Carter’s beliefs reveal an actual bias or prejudice against the AG’s office, as these beliefs affect how he will view the veracity of witnesses presented by the AG’s office. Considering the totality of the circumstances, we find the AG has presented sufficient evidence to require Judge Carter be recused from hearing these cases.[3]
DECREE
For the reasons assigned, the writ is granted, and the judgment of the district court is reversed. The motion to recuse Judge Wilford D. Carter from presiding *226 over these cases is granted. The case is remanded to the district court for reallotment of the cases pursuant to La.Code Civ. P. art. 157 and La.Code Crim. P. art. 676.
JOHNSON, J., dissents with assigned reasons.

 Chief Justice Kimball not participating in this opinion.

. The cases were sent to the AG for prosecution because the District Attorney’s Office re-cused itself.

. When asked about this testimony at the January 21, 2010 recusal hearing, Ms. Williams testified it had been awhile since the conversation occurred, and she could not specifically recall Judge Carter telling her the AG's office tried to get people to lie. However, Ms. Williams maintained she was truthful in her previous testimony.

. We do not mean to suggest recusal is warranted in every instance where a judge makes a remark which may be perceived as being critical of a party. Rather, our holding is limited to the unique facts of this case.