# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 16-809


**PAULINE MOSS RODOCK**

**VERSUS**

**BRAD ALLEN POMMIER**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 79,820 Div. B
HONORABLE C. ANTHONY EAVES, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**JOHN E. CONERY**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and John E. Conery, Judges.

**AFFIRMED IN PART, REVERSED IN PART, AND PARTIALLY RENDERED MOOT.**

**E. Grey Burnes Talley**
**Burnes , Burnes & Talley**
**Post Office Box 650**
**Alexandria, Louisiana  71309-0650**
**(318) 442-5231**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Pauline Moss Rodock**

**Elvin C. Fontenot, Jr.**
**Attorney at Law**
**110 East Texas Street**
**Leesville, Louisiana  71446**
**(337) 239-2684**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Brad Allen Pommier**

**Misty Dawn Smith**
**Dowden & Hicks, L.L.P.**
**116 East Lula Street**
**Leesville, Louisiana  71446**
**(337) 238-2800**
**COUNSEL FOR OTHER APPELLEE:**
    **Minor Child**

**CONERY, Judge.**

Pauline Moss Rodock[1] (Pauline) appeals the January 26, 2016 judgment denying her motion to recuse the trial judge in this custody and relocation dispute involving her thirteen year old minor son, J.P. She also appeals the February 23, 2016 judgment denying her request to relocate J.P. to the State of Kansas, and the trial judge's finding of contempt of court ruling against her. She further appeals the trial court's award of $3,800 in attorney fees to her former husband and the child's father, Brad Allen Pommier (Brad), pursuant to La.R.S. 9:355.6(3).[2] For the following reasons, we affirm the trial court's January 26, 2016 recusal ruling, as well as the February 23, 2016 judgment holding Pauline in contempt and casting her with trial court costs for the filing of the rule for contempt. We find that the trial court's ruling on relocation has been rendered moot by subsequent proceedings, and we reverse the trial court's award of $3,800 to Brad for attorney fees, finding that La. R.S. 9:355.6(3) does not permit an award of attorney fees.

## PROCEDURAL HISTORY

This litigation involves a long running dispute between the parents of their minor son, J.P., born October 31, 2001. Pauline and Brad were divorced in 2005, and initially shared joint custody, with Pauline serving as the domiciliary parent. Brad's visitation was sporadic. In 2007, Pauline remarried a member of the United States Army, who was then stationed at Fort Polk in Leesville, in Vernon Parish,

---

[1] Although this case involves the relocation and custody of a minor child, it is not necessary to use the initials of the parents as Uniform Rules-Court of Appeal, Rules 5—1, 5-2, which require the use of initials for certain proceedings, are not involved in this case. We choose to use the child's initials in certain instances requiring his specific identification.

[2] At the conclusion of the hearing, the trial court granted permission for Pauline to file a devolutive appeal of the interlocutory judgments involving the recusal of the trial judge and the relocation issue. Louisiana Code of Civil Procedure Article 1915(6) provides that a trial court's finding of contempt is properly appealable as a final judgment. *See Hodges v. Hodges*, 02-489 (La.App. 3 Cir. 10/2/02), 827 So.2d 1271, *writ denied*, (La. 11/8/02) 828 So.2d 1122.

Louisiana, and J.P. resided there with her and her new husband. In 2011, Pauline's husband was transferred to Leavenworth, Kansas, and Pauline sought and was granted permission to relocate J.P. to the State of Kansas in connection with the transfer of her military husband in a stipulated judgment dated May 12, 2011. J.P. was relocated to the State of Kansas for approximately one year. Pauline's husband was transferred back to Fort Polk and Pauline, J.P., and her children with her new husband returned to Pickering, a small community near Fort Polk in Vernon Parish. J.P. attended school in Pickering for almost three years while residing with Pauline and her new husband and their children.

In Spring 2015, Pauline's husband was once again transferred to Leavenworth, Kansas, and Pauline voiced her intention to Brad to once again relocate J.P., now thirteen years old, to Leavenworth to be with her husband and their children. It is undisputed that Pauline did not send a formal notice of relocation of her intended move to Kansas as required by La.R.S. 9:355.5. She claimed that she believed the earlier May 12, 2011 judgment granting her permission to relocate the minor child to the State of Kansas was still in effect, even though she had been living in Pickering with J.P. and her family for almost three years. Upon learning of Pauline's intention to relocate the minor child once again to the State of Kansas, Brad informed his attorney that he wished to formally oppose the relocation. An opposition to the relocation was filed on Brad's behalf, along with a motion to modify custody wherein Brad sought to be named domiciliary parent of J.P.

On May 19, 2015, the trial court set a hearing date for Brad's motions and signed a preliminary injunction, which stated: "It is ordered that a writ of injunction issue herein enjoining PAULINE MOSS RODOCK from relocating the

2

minor child until a hearing can be determined to decide whether or not the said relocation is in the best interest of the said minor child." The order set the hearing for June 1, 2015.

At the beginning of the hearing on June 1, 2015, the trial court proposed, without objection, that he conduct an in camera interview with the child in chambers. The transcript of the June 1, 2015 hearing is entitled, "THE FIRST INTERVIEW WITH (J. P.)[,]" and was subsequently placed under seal and is made part of the record on appeal. This transcript contains a discussion with counsel held on the record prior to the trial court's questioning of the minor child in chambers. There is a discussion of the May 19, 2015 request by Brad for a preliminary injunction prohibiting Pauline from taking the minor child to the State of Kansas until a hearing and ruling can be made on the relocation and modification of custody motion filed by Brad:

BY THE COURT:

The Court set the – I think this thing was, maybe was filed last week or –

BY MR. FONTENOT:

Yes, sir.

BY THE COURT:

- - the end of - - I set it quickly because of the injunction that was filed and I think part of that is going to be that that's going to go away with and we'll come back so that they can - - she can move - - the only thing that is leaving for the Court to decide is whether or not the child can move.

BY MR. FONTENOT:

That's correct.

BY THE COURT:

3

So, the restraining order will be done away with as of today and, so I'm going to interview the child and then we're going to come back on the 19th which is a Friday and we'll hear the remaining witnesses in this matter.

BY MR. LEAVOY:

And, for the record, Your Honor, we're waiving any objection we had to service and the language of the order.

MR. FONTENOT:

All right.

After the discussion with counsel, the trial court interviewed the minor child in chambers without objection. Following that interview with J.P., Pauline's then attorney claimed that after interviewing J.P. in chambers the trial judge met with the attorneys off the record and indicated that he was not inclined to grant the relocation. Ostensibly, Pauline still wanted a full hearing on relocation of the minor child to the State of Kansas and both the relocation hearing and Brad's motion to modify custody were continued to June 19, 2015, with an additional date of June 22, 2015, if needed. The record indicates that at some point prior to the June 19, 2015 hearing, the trial court and counsel agreed to sever Brad's motion for modification of custody and only the issue of relocation would be heard on June 19 and June 22, 2015, if needed.

The parties were not able to present all the evidence needed on June 19, 2015, and the trial was recessed to June 22, 2015. When the parties appeared on June 22, 2015, after some evidence was taken, Pauline filed a motion to recuse the trial judge. After reviewing the motion, the trial judge determined that he would not recuse himself and requested that the clerk randomly allot the recusal motion to another judge for a hearing and ruling.

4

Prior to ordering the case to be submitted for allotment on the recusal motion, the trial court stated on the record his interpretation of the orders entered in the case prior to Pauline's filing of her motion to recuse.[3] More specifically, the trial court referred to the June 1, 2015 preliminary injunction ruling and stated, "So, and, of course, the child, according to the law, my interpretation of it, is the child is not allowed to leave Louisiana. Is that your understanding Mr. Fontenot, and Mr. Leavoy?" Whereupon, Mr. Fontenot, counsel for Brad, responded, "Pending some other order being issued that's correct, Your Honor." Mr. Leavoy, counsel for Pauline, did not object, and made no response on the record.

The trial court then stated on the record, "All previous orders of the court are in effect, it's just we won't be doing anything the rest of the afternoon or until Division A or B says that I am to be recused or not to be recused in this matter."[4] The case was then allotted to the judge in Division C for a hearing on Pauline's recusal motion.

Before the recusal motion could be heard by the Division C judge, to whom the recusal motion had been assigned, he unexpectedly passed away. The motion to recuse was then transferred to a pro tempore judge. On September 8, 2015, the parties stipulated and agreed that the recusal motion would be submitted on the one hundred and seventy page transcript of the hearing held on June 1, 2015, June 19, 2015, and June 22, 2015.

There were delays in submitting the transcript to the pro tempore judge due to cost issues, and the motion for recusal was ultimately transferred to the newly

___

[3] Louisiana Code of Civil Procedure Article 153 governs the trial court's authority when a motion to recuse has been filed and states in pertinent part, "Until a judge has recused himself, or a motion for his recusation has been filed, he has full power and authority to act in the cause."

[4] The trial court apparently misspoke as he is the judge assigned to Division B. The record reflects that the recusal motion was ultimately assigned to Division C for determination.

elected district judge in Division C, who issued his reasons for ruling denying Pauline's recusal motion on December 3, 2015, and on January 26, 2016, signed the judgment denying Pauline's motion for recusal, from which Pauline now timely appeals.

Once the recusal motion was denied, the original trial judge ruled on the merits of the relocation motion in oral reasons stated on the record on February 8, 2016. The trial court found that Pauline failed to provide proper statutory notice pursuant to La.R.S. 9:355.6 to Brad of the proposed relocation of the minor child. The trial court further found that La.R.S. 9:355.6(2) provided a basis to order that the minor child be returned to Louisiana from Kansas and awarded Brad $3,800 in expenses representing his attorney fees for opposing the relocation pursuant to La.R.S. 9:355.6(3).

The trial court also heard and denied an earlier rule for contempt that had been filed by Brad on November 13, 2013, on visitation issues. Brad did not appeal that judgment and that issue is not before us. However, the trial court did grant Brad's rule for contempt filed February 1, 2016, and held Pauline in contempt of court for relocating the minor to Kansas without court permission and ordered Pauline to pay court costs for the filing of Brad's rule for contempt. Judgment was signed on February 23, 2016, from which Pauline now also timely appeals.

## ASSIGNMENTS OF ERROR

Pauline's assignments of error on appeal translate into an assignment of error based on the ruling denying the motion for recusal, the ruling finding Pauline in contempt of court, the ruling awarding Brad's $3,800 in attorney fees and

6

expenses against her, and the ruling denying the relocation of the minor child to the State of Kansas.

## LAW AND DISCUSSION

### *Motion to Recuse*

We will first address the denial of Pauline's motion to recuse the trial judge. Due to the delays explained earlier, the newly elected trial judge in Division C to whom the recusal motion had been allotted reviewed the transcript and issued reasons for ruling on the recusal motion on December 3, 2015. He signed a judgment on January 26, 2016, denying Pauline's motion to recuse. After a review of the record and the applicable law, we agree.

The grounds for recusal of a judge are set forth in La.Code Civ.P. art. 151. In this case, the allegation was that the trial judge exhibited bias favoring Brad and against Pauline. Louisiana Code of Civil Procedure Article 151(A)(4) provides, in pertinent part:

> A. A judge of any court trial or appellate, shall be recused when he:
>
> . . . .
>
> (4) Is biased, prejudiced, or interested in the cause or its outcome or biased or prejudiced toward or against the parties or the parties' attorneys or any witness to such an extent that he would be unable to conduct fair and impartial proceedings.

A panel of this circuit recently discussed the law applicable to the recusation of judges in the case of *David v. David*, 14-999 (La.App. 3 Cir. 2/4/15), 157 So.3d 1164, *writ denied*, 15-494 (La. 5/15/15), 170 So.3d 968. In making such a determination the court in *David*, 157 So.3d at 1168, stated:

> When a party seeks recusation of a judge based on allegations of bias or prejudice, our jurisprudence requires not only a finding of actual bias or prejudice, but that the bias or prejudice "'must be of a substantial nature and based on more than conclusory allegations.'"

7

*Covington v. McNeese State Univ.*, 10-250, pp. 2-3 (La. 4/5/10), 32 So.3d 223, 224-225 (quoting *Southern Casing of La., Inc. v. Houma Avionics, Inc.*, 00-1930 (La.App. 1 Cir. 9/28/01), 809 So.2d 1040). Adverse rulings alone do not show bias or prejudice. *Earles v. Ahlstedt*, 591 So.2d 741 (La.App. 1 Cir. 1991). Further, alleged bias or prejudice which "emanates from testimony and evidence set forth in the proceedings" is not of an "extrajudicial nature" and is therefore insufficient to merit recusal. *Augman v. City of Morgan City*, 03-396, p. 3 (La.App. 1 Cir. 12/31/03), 864 So.2d 248, 249.

Pauline claims the following assignments of error on appeal in connection with the review of her motion to recuse the trial judge:

**ASSIGNMENT OF ERROR NO. 5:** It was error for Judge Westerchil (the Judge of Division C) to deny [Pauline's] <u>Motion to Recuse.</u>

<u>ISSUE 5A:</u>    Whether the Trial Judge improperly commented on the evidence during the taking of testimony.

<u>ISSUE 5 B:</u>    Whether the Trial Judge pre-judged the matter.

<u>ISSUE 5 C:</u>    Whether the Trial Judge improperly brought up a remedy not asserted in pleadings or in testimony by [Brad] or his counsel.

<u>ISSUE 5 D</u>:    Whether the Trial Judge scheduled days to accommodate BP (Brad) and his counsel without offering the same accommodation to [Pauline] and her counsel.

(Emphasis added.)

The trial judge hearing the recusal motion rendered written reasons for ruling and stated:

This court finds after a review of this record and the trial transcript, the Motion to Recuse lacks merit. Specifically, the comment alleged in paragraph two (2) of the motion is a credibility determination that may or may not have been expressed by the trial judge depending on the interpretation of the reader. Although the trial court may have made a comment about his finding of credibility, that is certainly subject to change based upon the entire evidence before the court and does not indicate bias or prejudice.

Pauline also claims that the trial judge had prejudged the case. In paragraph

three of the motion to recuse, Pauline claims:

> The judge informed the lawyers in the case, in chambers, that the best resolution of the matter would be for the mover to agree not to relocate with the child. Additionally, the judge told the lawyers that although he had not prejudged the case after the interview with the child, he (the judge) was not inclined to allow the relocation.

In general, the law states that "A judge is presumed to be impartial." *Earles v. Ahlstedt*, 591 So.2d 741, 746 (La.App. 1 Cir. 1991). The trial court hearing the recusal motion found that Pauline's allegations contained in paragraph three of the motion to recuse lacked merit "in that the record is devoid of any in chambers communications. Counsel for the mover further admitted that the trial judge had said to both attorneys that he had not "prejudged the case."

Pre-trial conferences in chambers frequently are sought by counsel to foster and promote settlement discussions. While it may be the better practice for these discussions to be held with a court reporter present so that a transcript can be available, statements made by a trial judge that he or she is "leaning" one way or the other are not, generally, evidence of bias. To the contrary, "adverse rulings alone do not show bias or prejudice." *Id.*

The trial court's ruling on recusal is further supported by the record as the original judge hearing the relocation issue had urged that the parties agree to engage in mediation and, failing that agreement, ordered that both parties and the minor child be evaluated by Dr. John Simoneaux, a psychologist with extensive experience in relocation issues. Counsel was also appointed to represent the interests of the minor pursuant to La.R.S. 9:345. These orders reflect an attempt by

9

the judge to foster and promote the best interest of the child and are not evidence of bias or prejudice against Pauline.[5]

Finally, Pauline argues that the trial judge, hearing the relocation issue, when conducting a colloquy with counsel to set an additional date for the completion of the hearing, did not ask her or her husband if they would be available on the potential trial date of July 9, 2015. The trial judge only asked counsel for both parties and Brad about their availability. The transcript of this exchange indicates that this was a preliminary discussion to set an additional date in case the hearing did not conclude on June 22, 2015. In any event, no date was set for an additional hearing date due to the filing of Pauline's motion to recuse on June 22, 2015. It would not have been unusual for the trial judge to ask Brad his schedule, as it was clearly known to all parties that he worked offshore on a fourteen-day hitch, and therefore there was a need to determine his work schedule. Pauline's attorney could easily have made the trial court aware of any conflicts Pauline may have had. We find no merit to this claim.

After reviewing the recusal motion, the trial judge to whom that motion had been allotted found "that the entire matter is based on allegations and that there lacks any factual basis showing that the court was biased or prejudiced toward any party or party's attorney." In addition, we find that all of the allegations made by Pauline emanate "from testimony and evidence set forth in the proceedings" and are not of an "extrajudicial nature," and are thus insufficient "to merit recusal." *State v. Augman*, 03-396, p, 3 (La.App. 1 Cir. 12/31/03), 864 So.2d 248, 249 (quoting *State v. Williams*, 601 So.2d 1374, 1375 (La.1992)). After a review of the

---

[5]The record reflects that the evaluations ordered by the trial court have now taken place, but the specifics of those recommendations are not before us on appeal.

transcript and the record, we agree that the allegations made by Pauline are not of the "substantial nature" necessary to require recusal of the trial judge and affirm the ruling of the trial judge hearing the recusal motion denying Pauline's motion to recuse the original trial judge. *See Covington v. McNeese State Univ.*, 10-250 (La. 4/5/10), 32 So.3d 223.[6]

*Contempt*

The trial judge hearing the relocation motion was finally able to issue oral reasons for denying the relocation on February 8, 2016, and subsequently issued a judgment dated February 23, 2016, from which Pauline has timely appealed.

The trial court also granted Brad's second rule for contempt on February 8, 2016, which is also memorialized in the February 23, 2016 judgment, from which Pauline has also timely appealed. Brad had alleged that Pauline moved the minor child to the State of Kansas in violation of the trial court's preliminary injunction heard June 1, 2015, and sought attorney fees, court costs, and other sanctions deemed appropriate by the trial court. Correspondence between counsel, attached as an exhibit to the rule, indicated that after Pauline filed her recusal motion, "Judge Eaves stayed further proceedings and mandated that all orders shall remain in effect."

As previously stated in the procedural history of this case, the preliminary injunction was heard on June 1, 2015. A reading of the entire transcript indicates that the trial court allowed **Pauline** to move to the State of Kansas, but he specifically stated that the June 19, 2015 hearing was to determine if the minor

---

[6]Pauline also urged that the trial judge had made a case for Brad and awarded sanctions not prayed for in his petition. The trial judge awarded Brad expenses of $3,800 pursuant to La.R.S. 9:355.6. This issue will be addressed in connection with the trial court's judgment on relocation.

child could be relocated: "the only thing that is [left] for the Court to decide is whether or not the child can move."

The hearing on relocation began on June 1, 2015, was recessed, and again heard on June 19, 2015, and again was recessed to June 22, 2015, during which Pauline filed her recusal motion. The record is clear that prior to the allotment of the case to Division C for the determination of the recusal motion, the trial court reiterated his prior order of June 1, 2015, that "the child is not allowed to leave Louisiana." Counsel for Brad responds, "Pending some other order being issued, that's correct, Your Honor." Counsel for Pauline did not object and did not challenge the trial court's interpretation of the status of the case on the record when Pauline's recusal motion was filed.

In the February 23, 2016 judgment, the trial court found Pauline in contempt of court for relocating the minor child to the State of Kansas in June 2015 in direct violation of the trial court's order of June 1, 2015. The trial court ordered her to "pay all costs of this Rule for Contempt," which have yet to be determined. In its reason's for ruling, the trial court reiterated the history of the injunction and the discussions between the court, counsel and the parties prior to the filing of the recusal motion and the stay of the case, reiterating his finding that it was clear that Pauline was not to relocate the minor child to the State of Kansas.

The trial court further found that Pauline's disregard of the trial court's order was willful. Given Pauline's educational level, the history of prior litigation between the parties, and her admission to her minor child that she could be held in contempt for the move, the trial judge's reasons were fully supported by the record.

The general rule is that "[t]he decision whether to grant relief against a recalcitrant party rests within the discretion of the trial court and will not be

disturbed absent an abuse of that discretion." *LeJeune v. Lafayette Tower Service*, 94-1240, p. 4 (La.App. 3 Cir. 4/5/95), 653 So.2d 112, 114. After a thorough review of the record, we find no abuse of the trial court's discretion in finding Pauline in contempt of court, awarding court costs for Brad's filing of the rule for contempt, and denying Brad's request for attorney fees and sanctions. We affirm that ruling.

*Relocation*

We find that any ruling on the issue of the relocation of the minor child to Kansas in June 2015 is rendered moot and would merely result in an advisory opinion. "A moot case is one which seeks a judgment or decree which, when rendered, can give no practical relief." *Wood v. Fontenot*, 04-1174, p. 3 (La.App. 3 Cir. 3/2/05), 896 So.2d 323, 326-27, *writ denied*, 05-0801 (La. 5/13/05), 902 So.2d 1023 (quoting *United Cos. Lending Corp. v. Hall*, 97-2525, p. 4 (La.App. 1 Cir. 11/6/98), 722 So.2d 48, 50). It is well settled that an appellate court will not render advisory opinions from which no practical results can follow. *Suire v. Lafayette City-Parish Consol. Gov't*, 04-1459, 04-1460, 04-1466 (La. 4/12/05), 907 So.2d 37. "As a result, courts have established the rule that moot questions will not be considered on appeal." *Wood*, 896 So.2d at 326.

The record establishes that after Pauline relocated J.P. to Kansas in July 2015 in violation of the court's order, the minor child was returned to Louisiana on March 11, 2016. Since his return, the record reflects that the parties have been engaged in additional litigation over Pauline's new request to relocate the minor child to the State of South Carolina, where her military husband has now been stationed. Brad again opposed the relocation of the minor child from Louisiana to South Carolina and sought an injunction against the removal, which was granted

by the trial court on August 5, 2016, with a hearing set for August 23, 2016.  At that point in time, Pauline had already relocated J.P. to South Carolina.

Pauline sought and was granted leave to file an "emergency" writ to this court seeking a stay of the trial court's injunction dated August 5, 2016 preventing relocation of J.P. to South Carolina, and a reversal of the ruling by the trial court ordering Pauline to return the minor child to Louisiana.[7]  A hearing on the merits of the relocation motion had been set for September 19, 2016.  This court received the writ and promptly ruled as follows:

> **<u>STAY GRANTED IN PART AND DENIED IN PART.</u>**  This court grants the stay, in part, as requested by P.R. insofar as the trial court ordered the immediate return of J.P. to Louisiana.  In all other respects, we deny the stay.  Specifically, we decline to stay the hearing scheduled for September 19, 2016.
>
> <u>JCP</u>                <u>DKS</u>
>
> Conery, J., concurs in part and dissents in part.  I agree with the majority except I would order P.R. to bring J.P. to the hearing on September 19, 2016.

The September 19, 2016 hearing was continued until September 29, 2016.  The trial court heard all the evidence, and the case was submitted to the trial court for ruling.  The court then sealed the psychological report of Dr. Simoneaux, which he had previously ordered.  At this point in the proceedings, **counsel for Brad** orally moved to recuse the trial judge and a formal recusal motion was filed.  The case was then randomly allotted to Division C to hear that recusal motion, and no further proceedings appear in the trial record submitted in connection with the appeal now before us.  Specifically, the merits of the relocation and custody hearing are not before us.  However, the relocation issues involving Pauline's new request to relocate J.P. to South Carolina render moot any further discussion of the

---

[7]*P.R. v. B.P*, 16-723 (La.App. 3 Cir. 9/15/16).

2015 Kansas relocation issue. Therefore, the trial court's judgment denying the prior relocation to the State of Kansas, dated February 23, 2016, that is the subject of this appeal is rendered moot as any decision we would make on this specific issue would merely be advisory and "afford no practical relief." *Suire*, 907 So. 2d at 56 (quoting *Gekakis v. Southern Trace Property Owners Ass'n*, 36,609 (La.App. 2 Cir. 12/11/02), 833 So.2d 1116, 1119).

***Award of Expenses to Brad***

The February 23, 2016 judgment ordered, "that as a result of the relocation of the minor child without the Court's permission, Pauline Moss Rodock is required to pay all expenses of Mr. Pommier in his opposition in the amount of $3,800 to be paid within thirty (30) days of today's date."

The trial court apparently based its award to Brad on the following testimony:

BY THE COURT:

I have a question.

A.    Yes, sir.

Q.    What expenses have you had to pay to file this objection to relocation to Mr. Fontenot? [8]

A.    $3,800

Q.    $3,800

BY MR. LEAVOY:

I'm sorry, I didn't hear the answer, Your Honor.

BY THE COURT:

Q.    $3,800. You have any expenses for coming to court? This is the second time, I believe, we've been to court on this issue?

---

[8]Mr. Fontenot was counsel of record for Brad in this litigation.

A.     Just gas money, I don't know.

Q      Okay.  But you're not asking the Court for anything other than that?

A.     No.

The record is clear that the award of $3,800 made to Brad was the amount he testified that he had paid his attorney, Mr. Fontenot, to oppose the relocation of the minor child to the State of Kansas.  Louisiana Revised Statutes 9:355.6(3) states, "The court may consider a failure to provide notice of a proposed relocation of a child as: (3) Sufficient cause to order the person proposing relocation to pay reasonable expenses incurred by the person objecting to the relocation."

A panel of this court in *Odell v. Odell*, 14-250, p. 11 (La.App. 3 Cir. 6/4/14), 139 So.3d 1275, 1281 (footnote omitted), *writ denied*, 14-1436 (La. 7/15/14), 145 So.3d 1034, stated in regard to the award of attorney fees pursuant to La.R.S. 9:355.6 (3):

> While the statute provides for the payment of "reasonable expenses," it does not separately provide for attorney fees.[9]  Certainly, "[a]s a general rule, attorney fees may not be awarded to a successful litigant unless specifically provided for by statute or contract." *Campbell v. Melton*, 01-2578 (La. 5/14/02), 817 So.2d 69.

We find that La.R.S. 9:355.6(3) does not provide a basis for the award of attorney fees, and we therefore reverse the $3,800 award to Brad pursuant to the relocation statute.  Further, although Brad testified he may have incurred expenses for gasoline to attend the hearings, there is nothing in the record to support a specific award.  The nebulous statement by Brad that he had to pay "gas money" for travel to and from court is insufficient to support any award.  The trial court

_____

[9]The prior version of La.R.S. 9:355.6 effective until July 31, 2012 did provide for the award of attorney fees to a person opposing relocation.  However, the opposition to the relocation of the minor child in this case took place after the effective date of the present statute.

16

was in error when it awarded Brad $3,800 for his attorney fees, as such an award is not allowed pursuant to La.R.S. 9:355.6(3). *See Odell*, 139 So.3d 1275. Therefore, we reverse the judgment of the trial court awarding Brad, $3,800, but affirm the allocation of all trial court costs in connection with these rules against Pauline.

## CONCLUSION

For the foregoing reasons, the trial court's judgment signed on January 26, 2016, denying Pauline Moss Rodock's motion to recuse the trial judge is affirmed. The trial court's judgment signed on February 23, 2016, holding Pauline Moss Rodock in contempt of court and assessing all trial costs in connection with the motion is also affirmed. We reverse the $3800 award to Brad Allen Pommier for attorney fees. We further find that the issue of the relocation of the minor child to the State of Kansas has now been rendered moot. All costs of this appeal are assessed against Pauline Moss Rodock.

**AFFIRMED IN PART, REVERSED IN PART, AND PARTIALLY RENDERED MOOT.**