MARC E. JOHNSON, Judge.
 

 1 gPlaintiff/Appellant, Joseph Andrew McFall (“Joseph”), appeals the denial of a Judgment of Divorce based upon adultery and the custody and visitation determination in favor of Defendant/Appellee, Shannon Mishell Armstrong (“Shannon”), from the 29th Judicial District Court, Division “C.” For the following reasons, we affirm, in part, and reverse and remand, in part, for further proceedings.
 

 FACTS AND PROCEDURAL HISTORY
 

 Joseph and Shannon were married on April 16, 1994, and three children were born of the marriage: Rachel, Joseph “Drew”, and Jack. Joseph and Shannon separated on September 3, 2009. On October 15, 2009, Joseph filed a Petition for Divorce against Shannon seeking ancillary relief, including custody of the parties’ three children. Shannon also filed a re-conventional demand seeking a divorce and custody on November 2, 2009. Joseph’s petition alleged that Shannon had a substantial drug addiction problem and was engaged in doctor shopping.
 

 | ¡¡Through an interim order signed on November 13, 2009, the trial court granted Shannon temporary sole custody of the minor children pending a custody evaluation and granted Joseph visitation on alternating weekends from Friday at 6:00 p.m. to Sunday at 6:00 p.m. With the consent of the parties, the trial court appointed Julie C. Ruel, who has experience in substance abuse assessment and treatment, to provide the custody evaluation. The trial
 
 *34
 
 court also reinstated a previously dismissed Petition for Domestic Abuse Protection and issued a Uniform Abuse Prevention Order against Joseph. The trial court’s judgment reinstating the Petition for Domestic Abuse was later reversed by this Court in
 
 McFall v. Armstrong,
 
 10-181 (La.App. 5 Cir. 10/12/10); 50 So.Sd 904. As part of Ms. Ruel’s custody evaluation, she requested and obtained a report from Jo Ballanco, a clinical social worker with a specialty in domestic violence intervention prevention. Ms. Ballanco’s report was attached to Ms. Ruel’s custody evaluation, which was introduced into evidence by both parties on February 1, 2010.
 

 On May 7, 2010, Joseph filed a Supplemental and Amended Petition for Divorce under Civil Code Art. 103(2) alleging that he was entitled to a Judgment of Divorce on the basis of Shannon’s alleged adulterous affair with Daniel Webber beginning in January of 2009 and continuing through late August of 2009. Shannon filed an Answer to the Amended Petition denying the adultery allegations. Subsequently on
 
 June
 
 4, 2010, Joseph filed a Motion for Contempt of Court against Shannon for alleged denial of his visitation rights with his daughter, Rachel, on multiple weekends. Joseph’s motion and order to show cause sought relief, which included additional visitation time with Rachel and attorney’s fees and costs for the proceedings. Also on June 4, 2010, Joseph filed a Motion to Set Custody for Trial.
 

 The petition for divorce and the motions filed by Joseph were heard by the |4trial court on August 11 and 12, 2010. Ms. Ruel and Ms. Ballanco testified as experts during the trial. On September 7, 2010, the trial court issued its Judgment and Reasons for Judgment. Joseph’s request for divorce was denied and dismissed. The trial court awarded Joseph and Shannon joint custody of the children, designated Shannon as the primary domiciliary parent of the children, awarded Joseph visitation on alternating weekends with one additional week visitation in the months of June, July and August, and required the parties to alternate holidays.
 

 The trial court also found Shannon in contempt of court for denial of visitation with Rachel. The trial court, however, denied Joseph’s demand for attorney’s fees and make-up visitation. Further, the trial court imposed no sentence upon Shannon for the contempt and permitted Shannon to purge herself of the contempt by strictly adhering to and obeying all future orders and judgments of the court. The trial court further ordered Shannon to obtain an independent assessment of her need for substance abuse treatment at St. Charles Community Health Center. The trial court ordered this assessment to be completed no later than September 30, 2010 with a copy to be provided to the court. Additionally, Joseph was taxed with all of the costs of the proceedings. The instant appeal follows from the trial court’s judgment.
 

 ASSIGNMENTS OF ERROR
 

 On appeal, Joseph alleges the trial court erred in: 1) failing to grant him a Judgment of Divorce based upon adultery in light of testimony of Daniel Weber and corroborating evidence; 2) failing to grant him attorney’s fees and costs and make-up visitation time in connection with Shannon’s contempt for denial of his visitation rights pursuant to LSA-R.S. 9:346; 3) ignoring the custody evaluator’s recommendation that Shannon be engaged in an intensive outpatient drug ^treatment program, in failing to condition her custodial rights upon participation in an intensive outpatient drug treatment program, and in ordering a new drug assessment and delegating 100% discretion for that assessment
 
 *35
 
 to an undesignated and potentially unqualified person; 4) accepting Jo Ballanco as an expert witness in this matter and allowing her to testify as an expert in connection with her report to the trial court purporting to assess the “level of recurring domestic violence risk”; 5) failing to consider all relevant factors in determining the best interest of the children; and, 6) only granting him visitation with his minor children on alternating weekends from Friday at 6:00 p.m. until Sunday at 6:00 p.m., three weeks in the summer, and three and one-half holidays each year.
 

 LAW AND ANALYSIS
 

 Assignment of Error Number 1
 

 Joseph alleges the trial court was clearly wrong in its determination that Shannon did not commit adultery. Thus, Joseph alleges the trial court erred in failing to grant Joseph a Judgment of Divorce based on Shannon’s adultery. Joseph contends that the testimony of Daniel Webber that he had sexual intercourse with Shannon on several occasions and the fact that he shared a bank account with Shannon lead to the necessary conclusion that Shannon had committed adultery.
 

 LSA-C.C. art. 103(2) provides that a divorce shall be granted on the petition of a spouse upon proof that the other spouse has committed adultery. Although adultery may be established by indirect or circumstantial evidence as well as by direct evidence, the rule is that “the circumstantial proof in these cases must be so convincing as to exclude any other reasonable hypothesis but that of guilt.”
 
 Marcotte v. Marcotte,
 
 04-293 (La.App. 3 Cir. 11/10/04); 886 So.2d 671, 678 (citation omitted). The trial court’s factual determination regarding adultery is | (¡entitled to great weight on appeal and will not be disturbed unless manifest error is shown.
 
 Arnoult v. Arnoult,
 
 96-730 (La.App. 5 Cir. 2/12/97); 690 So.2d 101, 102,
 
 writ denied,
 
 97-0656 (La.4/25/97), 692 So.2d 1089. Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed, even though the appellate court may feel that its own evaluations and inferences are as reasonable.
 
 Cenacle Retreat House v. Dubose,
 
 04-571 (La.App. 5 Cir. 11/30/04); 888 So.2d 409, 411,
 
 writ denied,
 
 05-157 (La.3/24/05); 896 So.2d 1040. Thus, if there are two permissible views of the evidence, a fact finder’s choice of them can never be manifestly erroneous or clearly wrong.
 
 Id.
 

 In the instant case, Daniel Webber testified that he and Shannon had sexual intercourse during the time she and Joseph were married and living together. Mr. Webber also testified that he and Shannon shared a checking account together. However, Shannon denied she had an affair with Mr. Webber, and at one point, alleged Mr. Webber was having an affair with Joseph. Ultimately, the trial court denied and dismissed Joseph’s Petition for Divorce. The trial court gave more weight to Shannon’s testimony and reasoned that there was no evidence adduced to corroborate Mr. Weber’s testimony. The trial court found that Joseph had not met his burden of proof.
 

 After reviewing the evidence in the record, we do not find that the trial court was manifestly erroneous in its determination that Shannon had not committed adultery.
 

 Assignment of Error Number 2
 

 Joseph alleges the trial court erred in failing to grant his attorney’s fees and costs and make-up visitation in connection with Shannon’s contempt for denial of his visitation rights pursuant to LSA-R.S. 9:346. Joseph contends that the testimony presented at trial clearly showed that
 
 *36
 
 Shannon was in contempt of the |7court’s orders regarding visitation with Rachel.
 

 LSA-R.S. 9:346(A) provides that an action for failure to exercise or to allow child visitation may be instituted against a parent. LSA-R.S. 9:346 further provides,
 

 C. If the action is for the failure to allow child custody, visitation, or time rights pursuant to a court-ordered schedule, and the petitioner is the prevailing party, the defendant shall be held in contempt of court and the court shall award to the petitioner:
 

 (1) A reasonable sum for any actual expenses incurred by the petitioner by the loss of his visitation, custody or time rights.
 

 (2) Additional visitation, custody or time rights with the child equal to the time lost.
 

 (3) All attorney fees and costs of the proceeding.
 

 (4) All costs for counseling for the child which may be necessitated by the defendant’s failure to allow visitation, custody, or time rights with the child.
 

 Here, the trial court found Shannon to be in contempt of the court’s orders regarding visitation with the minor children. The sentence was deferred pending Shannon’s strict adherence to all court orders and judgments in the future. However, the trial court did not follow the mandates of LSA-R.S. 9:346 after finding Shannon was in contempt of the court’s orders. The trial court should have awarded Joseph with the requested additional visitation equal to the time lost and attorney’s fees and costs of the proceeding.
 

 Accordingly, we find the trial court committed legal error
 
 [1]
 
 in failing to award Joseph with additional visitation and attorney’s fees and costs of the proceeding in conjunction with Shannon’s contempt for not complying with the visitation order. As a result, we reverse the trial court’s ruling deferring Shannon’s sentence and remand this matter to the trial court for compliance with LSA-R.S. 9:346.
 

 |
 
 aAssignment of Error Number 3
 

 Joseph alleges the trial court erred in ignoring the custody evaluator’s recommendations that Shannon be engaged in an intensive outpatient drug treatment program, in failing to condition her continued custodial rights upon participation in an intensive outpatient drug treatment program, and in ordering a new drug assessment with a copy provided to the court and delegating 100% discretion for that assessment to an unspecified and potentially unqualified person. Joseph contends the trial court erred in ordering Shannon to obtain a new, post-trial “independent” drug assessment of the need for substance abuse treatment at St. Charles Community Health Center because the evidence clearly provides that Shannon has a substance abuse problem and needs to be in an intensive outpatient drug treatment program.
 

 A trial court has vast discretion in a child custody and visitation proceeding to order a parent to submit to drug treatment.
 
 Richardson v. Richardson,
 
 07-430 (La.App. 4 Cir. 12/28/07); 974 So.2d 761, 773. In addition, the trial court is not bound by the testimony of an expert; rather, expert testimony is to be weighed the same as any other evidence.
 
 Kuebel v. Chanel’s Garden Center, Inc.,
 
 09-635 (La.App. 5 Cir. 12/29/09); 30 So.3d 885, 895. A trial court may accept or reject in whole or in part the opinion expressed by an expert.
 
 Id.
 
 The effect and weight to be
 
 *37
 
 given to expert testimony is within the broad discretion of the trial judge.
 
 Id.
 

 In this matter, the trial court ordered Shannon to obtain an independent assessment of the need for substance abuse treatment at St. Charles Community Health Center and required that the assessment be performed no later than September 80, 2010. A copy of the assessment was ordered to be furnished to the trial court by the same date. The trial court also ordered Shannon to strictly adhere to whichever counseling services that were deemed necessary by the assessment |9and made Shannon responsible for forwarding the monthly reports from the treatment provider to the court.
 

 Because the trial court has broad discretion to accept or reject expert testimony and has broad discretion in ordering drug abuse treatment in a child custody and visitation proceeding, we do not find the trial court was manifestly erroneous in requiring that Shannon obtain an independent assessment of the need for substance abuse treatment and not requiring her to receive intensive outpatient drug treatment.
 

 Assignment of Error Number k
 

 Joseph alleges the trial court erred in accepting Jo Ballanco as an expert witness and in allowing her to testify as an expert in clinical social work with a specialty in domestic violence intervention prevention in connection with her report to the court purporting to assess the “level of recurring domestic violence risk,” as her report, opinion and methodology are not appropriate or reliable under
 
 Daubert v. Merrell Dow Pharmaceuticals, Inc.,
 
 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). Joseph contends that there is no standardized method for estimating the level of recurring domestic violence risk as Ms. Ballanco has purported in her report, and Ms. Ballanco was unable to cite any authority to show that her methodology is subject to peer review or publications. Consequently, Joseph further alleges the trial court erred in ordering him to pay an expert witness fee to Ms. Ballanco.
 

 A trial judge is vested with wide discretion in determining the competence of an expert witness.
 
 Jefferson v. Jefferson,
 
 06-301 (La.App. 5 Cir. 10/31/06); 946 So.2d 191, 195. The competence of an expert witness is a question of fact to be determined within the sound discretion of the trial judge.
 
 Id.
 
 Rulings on the qualifications of expert witnesses will not be disturbed in the absence of manifest error.
 
 Id.
 

 |inIn
 
 Daubert, supra,
 
 the United State Supreme Court established the following non-exclusive factors to be considered by district courts to determine the admissibility of expert testimony: 1) the “testability” of the scientific theory or technique; 2) whether the theory or technique has been subjected to peer review and publication; 3) the known or potential rate of error; and, 4) whether the methodology is generally accepted in the scientific community.
 

 The Louisiana Supreme Court in
 
 State v. Foret,
 
 628 So.2d 1116, 1121 (La.1993) characterized the
 
 Daubert
 
 factors as “observations,” which provide a “helpful guide for our lower courts in considering this difficult issue.” The
 
 Daubert
 
 factors are designed to “assist the trial courts in their preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and can properly be applied to the facts at issue.”
 
 Id.
 

 Admissibility of expert testimony in Louisiana is governed by LSA-C.E. art. 702, which provides as follows:
 

 If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to
 
 *38
 
 determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.
 

 In the case at bar, the trial court heard evidence that Ms. Ballanco has received a masters in social work and has years of experience as a clinical social worker in the field of domestic violence. Additionally, the trial court that Ms. Ballanco was trained in domestic violence intervention and prevention through Duluth, a domestic violence program. Ms. Ballanco testified that, although there is no standardized method to assess domestic violence, there are publications and assessment tools that aide in the assessment of domestic violence. At the conclusion of the lengthy questioning regarding her experience and methodology, the trial judge accepted Ms. Ballanco as a clinical social worker with a specialty in |n domestic violence intervention and prevention.
 

 Additionally, although Joseph raised a
 
 Daubert
 
 challenge during the
 
 voir dire
 
 as to Ms. Ballanco’s qualifications, the objected-to testimony had already been admitted without objection through Ms. Ruel’s testimony. Thus, the trier of fact had already heard Ms. Ballanco’s opinion through Ms. Ruel. Ms. Ruel testified that she relied on Ms. Ballanco’s domestic violence assessment in forming her opinions. In particular, she testified that Ms. Ballan-co determined that the children portrayed symptoms of domestic violence including depression, anger, blame and school problems. She also testified that those symptoms could be the symptoms of a family that has substance abuse in the home as well as domestic violence. Even assuming this testimony was improperly admitted, we find such error to be harmless because the objected-to testimony was cumulative.
 

 In the light of the foregoing, we do not find the trial court erred in accepting Ms. Ballanco as an expert witness. Ms. Bal-lanco’s training and experience was sufficient to qualify her as an expert clinical social worker with a specialty in domestic violence intervention and prevention. Additionally, we do not find the trial court erred in taxing Joseph with the expert witness fees.
 
 (See, Lewis v. State Farm Mut. Auto. Ins. Co.,
 
 05-807 (La.App. 5 Cir. 5/28/06); 927 So.2d 546, 553, where this Court found the fixing of expert fees is within the discretion of the trial court, and that award will not be disturbed on appeal unless there is an abuse of discretion).
 
 Assignment of Error Number 5
 

 With regard to the trial court’s award of custody and visitation, Joseph alleges the trial court failed to indicate that it considered all relevant factors in determining the best interest of the children, or that it had performed any sort of analysis under the LSA-C.C. art. 134. Joseph contends the trial court failed to give | ^consideration to: Ms. Ruel’s testimony that Shannon had a substance abuse problem which caused her difficulty in getting out of bed, getting the children to school, and providing a disciplinary structure; Shannon’s ongoing substance abuse counseling as it relates to the custody determination; and, the fact that Ms. Ruel’s evaluation recommended that custody of the two minor sons remain with him. Joseph further maintains that, had the trial court reviewed all of the relevant factors, it would have been concluded that he should be the primary custodian of the minor children.
 

 It is well-established that each child custody case must be viewed in light of its own particular set of facts and circumstances, with the paramount goal of reaching a decision that is in the best interest of the child.
 
 McCormic v. Rider,
 
 
 *39
 
 09-2584 (La.2/12/10); 27 So.3d 277, 279,
 
 citing, Barberousse v. Barberousse,
 
 556 So.2d 930 (La.App. 3d Cir.1990). The trial court has great discretion in this area, and its determination will not be disturbed in the absence of a clear abuse of discretion.
 
 Id., citing, Bagents v. Bagents,
 
 419 So.2d 460 (La.1982).
 

 However, where one or more trial court legal errors interdict the fact-finding process, the manifest error standard is no longer applicable, and, if the record is otherwise complete, the appellate court should make its own independent
 
 de novo
 
 review of the record and determine a preponderance of the evidence.
 
 Evans v. Lungrin,
 
 708 So.2d 731, 735 (La.2/6/98) (citations omitted). A legal error occurs when a trial court applies incorrect principles of law and such errors are prejudicial.
 
 Id.
 
 Legal errors are prejudicial when they materially affect the outcome and deprive a party of substantial rights.
 
 Id.
 
 When such a prejudicial error of law skews the trial court’s finding of a material issue of fact and causes it to pretermit other issues, the appellate court is required, if it can, to render judgment on the record by applying the correct law and determining the essential 11smaterial facts
 
 de novo. Id.
 

 In its judgment, the trial court awarded joint care, custody and control of the minor children to Joseph and Shannon, designated Shannon as the primary domiciliary parent, and awarded custody and visitation time periods for Joseph. However, the award of custody and visitation was premature. As the record reflects, Joseph filed a Petition for Domestic Abuse Protection on October 9, 2009 prior to filing his Petition for Divorce and Custody. On November 30, 2009, the trial court deferred a ruling on Joseph’s Petition for Domestic Abuse Protection until the custody evaluations were completed. However, the record is devoid of any ruling by the trial court on Joseph’s petition subsequent to the completion of the evaluation. Consequently, we find the trial court committed a legal error by awarding joint custody to Joseph and Shannon without rendering a determination on Joseph’s petition.
 
 [2]
 

 According to the LSA-R.S. 9:364 under the “Post-Separation Family Violence Relief Act,”
 

 A. There is created a presumption that no parent who has a history of perpetrating family violence shall be awarded sole or joint custody of children. The court may find a history of perpetrating family violence if the court finds that one incident of family violence has resulted in serious bodily injury or the court finds more than one incident of family violence. The presumption shall be overcome only by a preponderance of the evidence that the perpetrating parent has successfully completed a treatment program as defined in R.S. 9:362, is not abusing alcohol and the illegal use of drugs scheduled in R.S. 40:964, and that the best interest of the child or children requires that parent’s participation as a custodial parent because of the other parent’s absence, mental illness, or substance abuse, or such other circumstances which affect the best interest of the child or children. The fact that the abused parent suffers from the effects of the abuse shall not be
 
 *40
 
 grounds for denying that parent custody.
 

 B. If the court finds that both parents have a history of 114perpetrating family violence, custody shall be awarded solely to the parent who is less likely to continue to perpetrate family violence. In such a case, the court shall mandate completion of a treatment program by the custodial parent. If necessary to protect the welfare of the child, custody may be awarded to a suitable third person, provided that the person would not allow access to a violent parent except as ordered by the court.
 

 After considering LSA-R.S. 9:364, we find that it is imperative for the trial court to render a judgment regarding the Petition for Domestic Abuse Protection before a custody determination can be made. In the event a parent is found to perpetuate domestic violence, the trial court is mandated to abide by LSA-R.S. 9:364. Accordingly, we vacate the trial court’s judgment awarding joint custody and visitation and remand the case for the rendering of a judgment on those issues after the outstanding proceedings concerning domestic ■violence have been resolved.
 

 Assignment of Error Number 6
 

 Joseph alleges the trial court erred in allowing the children to only have visitation with him for 48 hours on alternating weekends during the school year, three weeks in the summer time, and an average of three and one-half holidays per year. Joseph contends that, although the judgment is for joint custody, he is only granted 18% of the time with the children when compared to Shannon having 82% of the time with the children. Joseph further contends that the trial court did not grant the children frequent and continuing contact with him.
 

 Because we have vacated the trial court’s determinations on custody and visitation, this issue is pretermitted.
 

 DECREE
 

 For the foregoing reasons, we reverse the trial court’s judgment deferring Shannon’s sentence for contempt and awarding joint custody and visitation and remand the matter for further proceedings. In all other respects, we affirm the trial 11scourt’s judgment.
 

 AFFIRMED, IN PART, AND REVERSED AND REMANDED, IN PART, FOR FURTHER PROCEEDINGS
 

 [1]
 

 .
 
 See Evans v. Lungrin, infra,
 
 for discussion.
 

 [2]
 

 . It is noted that, after the trial court rendered its joint custody determination at issue in this appeal, the trial court granted a temporary restraining order in favor of Shannon against Joseph and set a rule to show cause hearing as to why the temporary restraining order and other relief requested should not be made Protective Orders.