MARC E. JOHNSON, Judge.
12Defendant/Appellant, Natkisha Marie Griffith, seeks review of the trial court’s judgment in favor of Plaintiff/Appellee, Tran Williams, regarding the custody of their daughter, K.W., from the 24th Judicial District Court, Division “K”. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
Mr. Williams and Ms. Griffith are the parents of K.W.[1] The parents were never married to each other. After KW.’s birth, the child briefly resided with both parents at her paternal grandmother, Gail King’s, home. Subsequently, K.W. remained at Mrs. King’s home with Mr. Williams, until Ms. Griffith became the primary caregiver prior to K.W.’s third birthday. For the next five years, K.W. resided with Ms. Griffith while Mr. Williams had an informal visitation arrangement that included weekend and summer visits with K.W.
In the 2013, K.W. spent the summer at Mrs. King’s residence and remained there for the beginning of the 2013-2014 school year. K.W. attended school in Reserve, Louisiana while living with Mrs. King. Ms. Griffith and Mrs. King |3decided between themselves that the arrangement was in the best interest of K.W. due to concerns with attending her previous school in Kenner, Louisiana. Ms. Griffith’s medical problems and her ability to tend to K.W. during that time were also considerations in the change of KW.’s residence.
*267 On February 6, 2014, Mr. Williams filed a Petition requesting a determination of paternity, joint custody with designation of domiciliary parent, and to establish custodial periods with the minor child to include a holiday visitation schedule. The matter was heard before a hearing officer. Mr. Williams and Ms. Griffith stipulated to Mr. Williams’ paternity of K.W. on March 10, 2014. The hearing officer recommended that Ms. Griffith be designated as the domiciliary parent of K.W. with the granting of unsupervised visitation to Mr. Williams. Mr. Williams objected to the hearing officer’s recommendation.
On April 2, 2014, the matter was heard before the trial court for a determination of an interim judgment. In the ruling, the trial court declared Mr. Williams as the biological father of K.W. The trial court ordered that K.W. remain with Ms. Griffith until the end of the 2013-2014 school year with Mr. Williams being awarded unsupervised weekend visitation. After the end of the school year, it was ordered that the custody arrangement change and Mr. Williams be designated as the domiciliary parent with Ms. Griffith having unsupervised visitation on the weekends. The interim judgment was ordered to remain in effect pending the results of a custody evaluation.
After the custody evaluation was completed, the matter was heard again on June 11, 2014. The trial court adopted the custody evaluation report in its entirety. At the end of the hearing, the trial court awarded joint custody of K.W. to Ms. Griffith and Mr. Williams with Mr. Williams being designated as the domiciliary párent. Ms. Griffith was awarded visitation every other weekend and, at least, two 14weeks of visitation during the summer. Ms. Griffith requested written reasons for judgment; however, no written reasons were rendered by the trial court. The instant appeal followed.
ASSIGNMENTS OF ERROR
On appeal, Ms. Griffith alleges the trial court committed manifest error by: 1) exhibiting bias and designating Mr. Williams as the domiciliary parent; 2) failing to address and weigh the factors of La. C.C. art. 134 in determining the custody arrangement; and 3) determining the custody of K.W. without allowing Ms. Griffith an opportunity to dispute the custody evaluation.
LAW AND ANALYSIS

Biased domiciliary parent determination

Ms. Griffith alleges the trial court was manifestly erroneous in designating Mr. Williams as the domiciliary parent of K.W. because the trial judge was biased in favor of Mr. Williams. Ms. Griffith contends the trial judge made a custody determination during the hearing for the interim judgment prior to the presentation of her case. She further contends that the trial court’s refusal to issue written reasons for judgment after two requests proves bias in this matter. Ms. Griffith argues that the actions of the trial court evidenced the fact that it acted with favoritism and bias in favor of Mr. Williams.
Mr. Williams argues the trial court judgment should not be disturbed because there is no manifest error in this matter. Mr. Williams avers that although the trial court began to issue the custody ruling prior to the presentation of Ms. Griffith’s evidence, the trial court did apologize and allow counsel for Ms. Griffith to proceed. Mr. Williams argues that because the trial court allowed Ms. Griffith to proceed -with the presentation of her case, there is no showing that the trial court’s actions prejudiced Ms. Griffith in any way, and the argument lacks merit.
Lit is well-settled law that failure to make formal objections to a ruling of the trial judge results in a waiver of a party’s right to urge those objections as *268 error on appeal. Baudy v. Travelers Indem. Co. of Connecticut, 13-832 (La.App. 5 Cir. 4/9/14); 140 So.3d 125, 129. In the absence of objection, the trial court is afforded no opportunity to prevent or correct the alleged error. Id. at 130.
In this matter, although counsel for Ms. Griffith objected to the trial court’s failure to allow her to present her case at the interim judgment hearing, Ms. Griffith did not raise any allegation of bias at the trial court level or object on that basis prior to rendition of the interim judgment or the final judgment. Moreover, Ms. Griffith did not file a motion to recuse the trial judge on the basis she could not be impartial. As such, Ms. Griffith failed to preserve the issue for review on appeal.
Assuming arguendo, even if Ms. Griffith did allege bias before the trial court, she did not prove there was' any bias by the trial judge in favor of Mr. Williams. The paramount duty of a judge is to conduct fair and impartial proceedings. Covington v. McNeese State University, 10-0250 (La.4/5/10); 32 So.3d 223, 224. In interpreting La. C.C.P. art. 151, the jurisprudence has held the article “requires.a finding of actual bias or prejudice,” which “must be of a substantial nature and based on more than conclusory allegations.” Id. at 224-225. On appeal, Ms. Griffith’s allegations of bias are based on nothing more than conclusory allegations.
Therefore, we cannot find the trial court displayed any bias or prejudice in its ruling.

Consideration of La. C.C. art. 13f

Ms. Griffith alleges the trial court erred in failing to consider the factors listed in La. C.C. art. 134 in making the custody determination. Ms. Griffith 1 (¡argues that the trial court did not indicate which facts from the witnesses’ testimony and other evidence it used in considering the best interest of the child, and it did not state which factors it weighed in favor of either party. Ms. Griffith contends that because the trial court failed to render reasons for judgment, it is impossible to ascertain what led the court to make the drastic decision to remove the child from her primary care.
Conversely, Mr. Williams avers that while the trial court did not go as far to state which specific factors were considered, it is clear that the trial court considered the factors of La. C.C. art. 134 in issuing the ruling. Mr. Williams maintains that the trial court’s evidentiary findings make it clear that the factors were considered prior to the determination of the interim judgment. Mr. Williams further maintains that the trial court, through adopting the custody evaluation in its entirety, adopted the reasons that were specifically listed in the report.
It is well-established that each child custody case must be viewed in light of its own particular set of facts and circumstances, with the paramount goal of reaching a decision that is in the best interest of the child. McFall v. Armstrong, 10-1041 (La.App. 5 Cir. 9/13/11); 75 So.3d 30, 38. The trial court has great discretion in this area, and its determination will not be disturbed in the absence of a clear abuse of discretion. Id. at 39.
La. C.C. art. 134 provides a number of factors to be considered in making the best interest determination for child custody. Schouest v. Schouest, 06-972 (La.App. 5 Cir. 5/29/07); 960 So.2d 285, 287. These factors are merely suggested factors, and the trial court is free to use other factors to make its determination. Id. However, the trial court should consider the totality of the facts and circumstances in its analysis of the best interest of the child. Id.
|7In the case at bar, the trial court stated during the June 11, 2014 hearing that the custody evaluation report was being adopted in its totality. The custody evaluation report addressed each of the factors *269 of La. C.C. art. 134. While both parents demonstrated love and affection for K.W., the incidents and KW.’s excessive unexcused absences/tardies at her prior school, while in K.W. was in Ms. Griffith’s care, were taken into account. The report concluded with a recommendation that there be a joint custody arrangement with Mr. Williams designated as the domiciliary parent and Ms. Griffith having liberal visitation. Although the trial court did not specifically list each of the La. C.C. art. 134 factors that were considered in the judgment, those factors were considered by the trial court through the adoption of the custody evaluation report in its totality. Therefore, we do not find the trial court failed to consider the factors of La. C.C. art. 134 in its custody determination. Opportunity to dispute custody evaluation
Ms. Griffith alleges the trial' court erred in failing to give her an opportunity to challenge the custody evaluation before adopting the evaluation in its totality. She contends the trial court did not consider the fact that she did not have the opportunity to thoroughly examine and challenge the custody evaluation and its discrepancies before rendering judgment in favor of Mr. Williams. Ms. Griffith further contends the trial court did not consider any of the objections that she made during the hearing to the custody evaluation.
Mr. Williams maintains that the trial court did not err in relation to the custody evaluation report because Ms. Griffith failed to request that the matter be left open for additional testimony after the evaluation; therefore, she forfeited her right to object to the custody evaluation. Mr. Williams also maintains that the trial |scourt provided Ms. Griffith with an opportunity to review the report during the recess taken during the hearing.
A trial court may accept or reject in whole or in part the opinion expressed by an expert. McFall, 75 So.3d at 36.
Here, Mr. Williams and Ms. Griffith participated in the custody evaluation, and their respective positions were expressed and considered in the report. The trial court had the discretion to accept or reject any part of the evaluator’s recommendation. The trial court chose to adopt the recommendation in its entirety. Because the trial court is given discretion in accepting the custody evaluation recommendation, we cannot find the trial court erred in adopting the recommendation over Ms. Griffith’s objections.
DECREE
For the foregoing reasons, we affirm the trial court’s judgment determining the custody arrangement for K.W.

AFFIRMED

. Through employing our judicial discretion, we will refer to the child by her initials.