Judgment rendered April 24, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,605-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

JONATHAN THOMAS HILL                    Plaintiff-Appellee

versus

BRITNAE NICOLE ADAMS HILL               Defendant-Appellant

* * * * *

Appealed from the
Eighth Judicial District Court for the
Parish of Winn, Louisiana
Trial Court No. 46691

Honorable Jimmy Cecil Teat, Judge *(Ad Hoc)*

* * * * *

LAW OFFICES OF E. RAY KETHLEY          Counsel for Appellant
By: E. Ray Kethley, Jr.

LAW OFFICES OF CHRIS L. BOWMAN         Counsel for Appellee
By: Chris Lane Bowman
    Colby L. Bowman

* * * * *

Before STONE, THOMPSON, and HUNTER, JJ.

THOMPSON, J., concurs in the result.

**STONE, J.**

This domestic litigation arises from the Eighth Judicial District Court, the Honorable James Teat presiding *ad hoc*. Judge Teat was appointed after the recusal of Judge Anastasia Wiley. The appellant is Britnae Hill; her former husband, Jonathan Hill, is the appellee. She appeals a judgment granting divorce, ordering joint child custody, designating Jonathon Hill as the domiciliary parent, granting her visitation with the children every other weekend, and ordering her to pay child support.

Britnae Hill raises four assignments of error: (1) the September 19, 2022, motion to recuse Judge Wiley was untimely and lacked grounds; (2) the setting of the matter for trial did not comply with the applicable district court rule; (3) that private service of the order setting trial was not valid; and (4) the trial court abused its discretion in denying her motion to continue the trial.

For the reasons stated herein, we reverse the judgment recusing Judge Wiley, vacate the judgment on the merits, and remand for further proceedings.

### FACTS AND PROCEDURAL HISTORY

On June 30, 2021, Jonathon Hill filed a petition for divorce and sole custody of the minor children. On December 16, 2021, Judge Wiley issued an interim order appointing Dr. John Simoneaux as mental health expert to evaluate the parties and make a custody recommendation. On August 1, 2022, Judge Wiley initiated a pretrial telephone conference wherein she indicated to counsel that she believed that Jonathon Hill had not been truthful with Dr. Simoneaux and that she was not inclined to accept Dr. Simoneaux's recommendation. Thereafter, counsel for Jonathan Hill

deposed Dr. Simoneaux. During Dr. Simoneaux's deposition, he alleged that his recommendation would not change even if the facts were as Judge Wiley believed them to be. In a pretrial conference on September 7, 2022, Judge Wiley *allegedly* stated that she would maintain her position regarding Dr. Simoneaux's report regardless of Dr. Simoneaux's deposition testimony. She based those beliefs on information she obtained while presiding over criminal proceedings wherein Jonathon Hill pressed charges against the assailant for second degree battery. At that point, counsel for Jonathon Hill indicated that he would be filing a motion to recuse Judge Wiley. In response, Judge Wiley stated on the record that she could remain fair and impartial in the case, but that an ad hoc judge would be appointed to decide the motion to recuse.

On September 19, 2022, Jonathon Hill filed the written motion to recuse Judge Wiley.[1] Judge Teat was appointed to decide the motion. In the evidentiary hearing, the transcript of Dr. Simoneaux's deposition was not introduced into evidence. Jonathon Hill's attorney, Mr. Chris Bowman, testified; his testimony conspicuously omitted any claim: (1) that Dr. Simoneaux, in his deposition testimony, said that that Jonathon's misrepresentations did not affect the custody recommendation; or (2) that Judge Wiley said she would disregard such testimony by Dr. Simoneaux.

Instead, Mr. Bowman merely claimed that Judge Wiley indicated that she was "not inclined to not take anything that…[Jonathon Hill]…had told Dr. Simoneaux as factual" and was "inclined not to rule in Jonathon Hill's

---

[1] On September 26, 2022, Britnae Hill's original attorney, Alfred Beresko, filed a motion to withdraw as counsel. On October 31, 2022, Ray Kethley fax filed a motion to enroll as counsel for appellant as to the recusal only, but the attached order was never signed; nonetheless, he did appear in court and argue Britnae Hill's opposition to the recusal.

favor" because she believed that Jonathon Hill lied to Dr. Simoneaux. According to Mr. Bowman's testimony, Judge Wiley stated her belief that, before his interview with Dr. Simoneaux, Jonathon Hill: (1) had been drinking at a bar and when it closed he invited "a bunch of drunks" to his house for a "drunken pool party," during which he was injured in an altercation; and (2) lied to Dr. Simoneaux to hide these facts. Judge Teat granted the motion to recuse and thereafter presided over the entire case *ad hoc*.

Thereafter, Judge Teat set the matter for trial and caused service of the order setting trial to be served by mail to Ray Kethley's office, and issued an order authorizing private service on Britnae Hill. Subsequently, Judge Teat held a trial on the merits, which neither Britnae Hill nor her attorney attended. On Britnae's behalf, Mr. Ray Kethley (who had previously filed a motion to enroll for purposes of the recusal only) filed a motion to continue the trial. This motion was faxed to the court shortly before the trial but not stamped filed until after the trial date. Jonathon Hill and other witnesses testified and several exhibits were introduced into evidence. Judge Teat denied the motion to continue and rendered judgment on the merits. Britnae Hill now appeals, seeking to have this court vacate the judgment on the merits.

**DISCUSSION**

As previously stated, Britnae Hill raises four assignments of error: (1) the September 19, 2022, motion to recuse Judge Wiley was untimely and lacked grounds; (2) the setting of the matter for trial did not comply with the applicable district court rule; (3) that private service of the order setting trial

3

was not valid;[2] and (4) the trial court abused its discretion in denying her motion to continue the trial.

**Recusal**

On June 30, 2021, Jonathan Hill filed a petition for divorce. He also sought sole custody of the two minor children and, in the alternative, joint custody with the status of domiciliary parent.

The trial court ordered a custody evaluation with Dr. John Simoneaux. After interviewing both parties and the children, Dr. Simoneaux recommended awarding domiciliary custody of the children to Mr. Hill.[3] The matter was set for trial on September 7, 2022, and a pre-trial telephone conference was held on August 1, 2022. During the conference, the trial court expressed concern regarding Jonathan's lack of truthfulness during the custody evaluation. The court also commented on an incident which allegedly occurred at Mr. Hill's home (pertaining to an alleged "drunken pool party" and some related injuries). Thereafter, the following colloquy occurred on the record:

> [MR. HILL'S
> COUNSEL]:    [M]y client will be filing a Motion to Recuse the court[.]
>
> THE COURT:    *** I do believe I can make a fair and impartial situation [sic].

---

[2] This argument appears in the reply brief only.

[3] Dr. Simoneaux's primary concern appeared to be distance: Mr. Hill lived in Winn Parish; Mrs. Hill moved with the children to Bossier Parish. Ultimately, Dr. Simoneaux recommended awarding domiciliary custody of the children to Jonathan stating, in part:
> If indeed, Britney [sic] would decide to move back to Winn Parish, I would be recommending an equitable physical custody split, with one-week exchanges. This is assuming that she lives close enough to where the children can attend the school they have been to in the past. In that case, I would probably even be recommending that she be the primary domiciliary custodian.

> Um, I – I do believe I can see this. I was set for the trial today, it's just at the pretrial conference asked them if they wanted to hear my initial thoughts and they said, yes, and so off of what had already been presented to me, I gave them the initial thoughts and so that is where the status is now, okay.

*** 

Thereafter, Mr. Hill filed a written motion to recuse Judge Wiley, alleging she "is biased and prejudiced" because of the following acts:

> Judge Wiley expressed "it was her opinion that [Mr.] Hill had lied to Dr. Simoneaux in his evaluation; and as a result, thereof, she was not inclined to follow Dr. Simoneaux's recommendations, notwithstanding that he was appointed by the Court as the Court's expert";

> Judge Wiley "disclosed to counsel that it was her belief that [Mr.] Hill had lied to Dr. Sinoneaux, based upon extra judicial information that she had received that [Mr.] Hill had been involved in an altercation and was the victim of a serious crime. Failing to disclose said information to Dr. Simoneaux in her opinion was untruthful, which is the reason she believed that Mr. Hill had lied to Dr. Simoneaux. As a consequence, she was not going to accept Dr. Simoneaux's conclusions and recommendations";

> Judge Wiley "went on to expand on her beliefs that Mr. Hill had lied in the pretrial conference which was held with the court and counsel for both parties, wherein she articulated numerous facts that she believed to be true; that Mr. Hill had been to a bar drinking on the night of his injuries. He thereafter invited a group of bar patrons to his home for a drunken pool party which ultimately resulted in an altercation between [Mr.] Hill and another individual"; and

> Based "upon all of the foregoing, mover believes the Court, utilizing extra judicial information has prejudged and is prejudiced against Mr. Hill as it relates to this cause current pending before the court."

> In granting the motion to recuse, Judge Teats stated:
> It is this court's opinion that [Judge Wiley] used information unrelated to the matter and issues that would have been from testimony and evidence set forth in the proceedings which would have been the incident that Mr. Hill had with Mr. Webb that resulted in Mr. Webb being arrested and booked for 2nd Degree Battery. It is this court's opinion that by doing so would have created a "extrajudicial nature" and therefore would be sufficient to merit recusal. It would seemed [sic] to this court that [Judge Wiley] substitute[d] her opinion for the opinion of [Dr. Simoneaux] even though [Dr. Simoneaux's]

5

deposition was taken . . . wherein [he] indicated that had Mr. Hill told him what actually happened between he and Mr. Webb, his opinion as to the custody of the children would not change.

\*\*\*

The court may order an evaluation of a party or the child in a custody or visitation proceeding for good cause shown. La. R.S. 9:331. After weighing and evaluating expert and lay testimony, the trial court may accept or reject the opinion expressed by any expert. *Warlick v. Warlick*, 27,389 (La. App. 2 Cir. 9/29/95), 661 So. 2d 706.

La. C.C.P. art. 151 provides, in relevant part:

A. A judge of any trial or appellate court shall be recused upon any of the following grounds:
\*\*\*
(4) The judge is biased, prejudiced, or interested in the cause or its outcome or biased or prejudiced toward or against the parties or the parties' attorneys or any witness to such an extent that the judge would be unable to conduct fair and impartial proceedings.

B. A judge of any trial or appellate court shall also be recused when there exists a substantial and objective basis that would reasonably be expected to prevent the judge from conducting any aspect of the cause in a fair and impartial manner.

\*\*\*

The grounds for recusal enumerated in La. C.C.P. art. 151 are exclusive and do not include a "substantial appearance of the possibility of bias" or even a "mere appearance of impropriety" as causes for removing a judge from presiding over a given action. *In re Commitment of M.M.*, 53,577 (La. App. 2 Cir. 9/23/20), 303 So. 3d 1095. The party seeking to recuse cannot merely allege lack of impartiality; he must present some factual basis. Further, the bias, prejudice, or personal interest alleged must be of a substantial nature and based on more than conclusory allegations. *Covington v. McNeese State Univ.*, 10-0250 (La. 4/5/10), 32 So. 3d 223; *In*

6

*re Commitment of M.M.*, *supra*; *Riddle v. Premier Plaza of Monroe, L.L.C.*, 51,173 (La. App. 2 Cir. 2/15/17), 216 So. 3d 170.

In *Frye v. Ballard*, 23-00317 (La. 3/14/23), 358 So. 3d 36, the Louisiana Supreme Court stated:

A judge is presumed to be impartial. In order to justify recusal on the grounds of bias, prejudice, or impartiality on the part of the judge, the claim must be of a substantial nature and based on more than conclusory allegations. The facts presented in this case fail to establish the existence of "a substantial and objective basis that would reasonably be expected to prevent [Judge Hunter] from conducting any aspect of the cause in a fair and impartial manner," as required under La. C.C.P. art. 151.

\*\*\*

The record does not support the ad hoc judge's statement regarding Judge Wiley "used" the "extrajudicial information" regarding the fight at Mr. Hill's home. Judge Wiley stated she could remain fair and impartial, and there is no evidence she is substantially "biased, prejudiced, or interested in the cause" of this matter. The evidence in this case, solely based upon Judge Wiley's off the record comments to the attorneys, fails to establish the existence of "a substantial and objective basis that would reasonably be expected to prevent [her] from conducting any aspect of the cause in a fair and impartial manner."

Due to the erroneous recusal of Judge Wiley, we vacate the judgment on the merits. The appellant's other assignments of error are pretermitted.[4]

---

[4] The record reveals:
**September 19, 2022** – motion to recuse was filed;
**September 21, 2022** – Supreme Court assigned Judge Teat to hear the motion to recuse; the hearing on the motion to recuse was set for October 31;

## CONCLUSION

The judgment of the trial court recusing Judge Wiley is **REVERSED**. The judgment on the merits is **VACATED**. This case is **REMANDED** to the trial court for further proceedings. All costs of this appeal are taxed to the appellee, Jonathan Hill.

---

**September 26, 2022** – Mrs. Hill's counsel filed a motion to withdraw, alleging nonpayment of fees;

**October 31, 2022** – Mr. Kethley filed a motion to enroll as counsel "*for the sole and limited purpose of the Motion to Recuse*"

**November 30, 2022** – Motion to recuse Judge Wiley was granted;

**February 22, 2023** – Hearing on the Motion to Withdraw was held; Neither Mrs. Hill nor Mr. Kethley appeared; the matter was set for trial on March 29, 2022;

**March 16, 2023** – Mrs. Hill was served with notice of the trial by a private process server; the clerk of court testified Mr. Kethley was served with notice of the hearing on March 9; however, during oral arguments before this Court, Mr. Kethley stated he was not served with notice of the hearing; rather, he was served with the Supreme Court's order appointing the ad hoc judge;

**March 28, 2023** – Mr. Kethley faxed a motion to continue; however, he did not pay the filing fees, he did not serve opposing counsel, the clerk of court was unable to contact him about payment, and he did not appear in court to argue the motion;

**March 29, 2023** – The trial court denied the motion to continue in open court; the trial was conducted, and the judgment was signed March 30;

**April 3, 2023** – Mr. Kethley formally filed the original motion to continue;

**April 6, 2023** – Motion to continue was formally denied "for reasons stated on the record March 29, 2023."

As stated above, Mr. Kethley enrolled in this matter "for the sole and limited purpose of the "Motion to Recuse," and there is no indication he ever enrolled for any other purpose. Nevertheless, neither Mr. Kethley nor Mrs. Hill appeared at trial, and the motion to continue was orally denied.

8